Michael F. Ram, CSB #104805
Email:  mram@rocklawcal.com
Karl Olson, CSB #104760
Email:  kolson@rocklawcal.com
Susan S. Brown, CSB #287986
Email:  sbrown@rocklawcal.com
RAM, OLSON, CEREGHINO & KOPCZYNSKI
555 Montgomery Street, Suite 820
San Francisco, California  94111
Telephone:  (415) 433-4949
Facsimile:  (415) 433-7311

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGELINA FREITAS, REBECCA LYON and MARESA KENDRICK, on their own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOUNCEBACK, INC., a Missouri corporation, CHECK CONNECTION, INC., a Kansas corporation, STONE FENCE HOLDINGS, INC., a Missouri corporation, and GALE KRIEG,<br><br>Defendants. | NO. 3:15-cv-03560-RS<br>ORDER<br>**STIPULATION TO STAY MATTER PENDING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Complaint Filed:  August 3, 2015<br><br>Honorable Richard Seeborg<br><br><u>DEMAND FOR JURY</u> |

## I.  STIPULATION

Plaintiffs, Angelina Freitas, Rebecca Lyon and Maresa Kendrick ("Plaintiffs") and

Defendants, Bounceback, Inc., Check Connection, Inc., Stone Fence Holdings, Inc., and Gale

Krieg ("Defendants") hereby stipulate and request that Court issue an Order staying the case

pending preliminary and final approval of a proposed class-wide settlement in a related action.

1.     The Plaintiffs in this matter challenge the Defendants' operation of "Check

Enforcement Programs" under the Fair Debt Collection Practices Act and the California Unfair

STIPULATION TO STAY MATTER PENDING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 1
CASE NO. 3:15-cv-03560-RS

Competition Law.  This case is brought on behalf of a proposed class of California consumers in Lake, Mendocino, Plumas, San Benito, Sutter, and Yuba counties (Dkt. No. 35).

2.      Defendants have answered the Plaintiffs First Amended Complaint. The Plaintiffs and Defendants have exchanged Initial Disclosures. There are no pending motions.

3.      Plaintiffs' counsel represent a proposed class of Washington state consumers who filed a similar action captioned *Cavnar et al. v. BounceBack, Inc., et al.*, No. 2:14-cv-00235 in the United States District Court for the Eastern District of Washington (*see* Dkt. No. 37 ¶ 10). The *Cavnar* action was filed more than a year before this action was filed.

4.      The parties to this action and the *Cavnar* action have reached a proposed global settlement of both actions (*see* Exhibit A (Settlement Agreement).)  In accord with the Settlement Agreement, Plaintiffs in the *Cavnar* action have filed a second amended complaint that includes the proposed class of California consumers and are seeking preliminary and final approval of the proposed class-wide settlement in the Eastern District of Washington.  Exhibit A § 1.5.  The parties advised this Court of the settlement via an email to the courtroom deputy on December 28, 2015.

5.      Plaintiffs filed their unopposed motion for preliminary approval of the proposed settlement in the *Cavnar* action on Friday, March 11, 2016 (Dkt No. 119 in the *Cavnar* action). Accordingly, the parties respectfully request that the Court stay this action pending preliminary and final approval of the proposed settlement or until September 30, 2016, whichever is earlier.

6.      The parties will promptly advise the Court via joint status reports of developments in the *Cavnar* action, including the court's issuance of orders granting or denying preliminary or final approval of the proposed settlement.

7.      If the settlement receives the court's final approval in the *Cavnar* matter, Plaintiffs will dismiss this action under Federal Rule of Civil Procedure 42.  If the settlement is not approved, the parties will request a case management conference to set new deadlines in this matter.

1          STIPULATED TO AND DATED this 16th day of March, 2016.

2

3   TERRELL MARSHALL LAW GROUP PLLC          PAINE HAMBLEN LLP

    By:  /s/ Beth E. Terrell, CSB #178181      By: /s/ Greg R. Smith, *Admitted Pro Hac Vice*
4        Beth E. Terrell, CSB #178181               Scott C. Cifrese, *Admitted Pro Hac Vice*
         Email: bterrell@terrellmarshall.com         Email:  scott.cifrese@painehamblen.com
5        Blythe H. Chandler, *Admitted Pro Hac Vice*   Gregg R. Smith, *Admitted Pro Hac Vice*
         Email:  bchandler@terrellmarshall.com        Email:  gregg.smith@painehamblen.com
6        936 North 34th Street, Suite 300            717 West Sprague Avenue, Suite 1200
7        Seattle, Washington  98103-8869             Spokane, Washington 99201
         Telephone:  (206) 816-6603                  Telephone: (509) 455-6000
8        Facsimile:  (206) 319-5450                  Facsimile: (509) 838-0007

9        Michael F. Ram, CSB #104805                 Robert F. Tyson, Jr., CSB #147177
         Email:  mram@rocklawcal.com                 Email: rtyson@tysonmendes.com
10       Karl Olson, CSB #104760                     Jacob Felderman, CSB #229400
11       Email: kolson@rocklawcal.com                Email:  jfelderman@tysonmendes.com
         Susan S. Brown, CSB #287986                 Kelly Denham, CSB #285314
12       Email:  sbrown@rocklawcal.com               Email:  kdenham@tysonmendes.com
         RAM, OLSON, CEREGHINO                       TYSON & MENDES
13         & KOPCZYNSKI                              5661 La Jolla Boulevard
14       555 Montgomery Street, Suite 820            La Jolla, California  92037
         San Francisco, California  94111            Telephone: (858) 459-4400
15       Telephone:  (415) 433-4949                  Facsimile: (858) 459-3864
         Facsimile:  (415) 433-7311
16
17       Paul Arons, CSB #84970                      *Attorneys for Defendants*
         Email:  lopa@rockisland.com
18       LAW OFFICE OF PAUL ARONS
         685 Spring Street, Suite 104
19       Friday Harbor, Washington  98250
         Telephone:  (360) 378-6496
20       Facsimile:  (360) 378-6498

21       Deepak Gupta
22       Email: deepak@guptawessler.com
         GUPTA WESSLER PLLC
23       1735 20th Street, NW
         Washington, DC 20009
24       Telephone: (202) 888-1741
25       Facsimile: (202) 888-7792

26       *Attorneys for Plaintiffs*

27

STIPULATION TO STAY MATTER PENDING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 3
CASE NO. 3:15-cv-03560-RS

1

## II.  LOCAL RULE 5-1(I)(3) STATEMENT

2

Pursuant to Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this

3

document has been obtained from counsel for all parties, and that I will maintain records to

4

support this concurrence by all counsel subject to this stipulation as required under the local

5

rules.

6

TERRELL MARSHALL LAW GROUP PLLC

7

By:   /s/ Beth E. Terrell, CSB #178181
        Beth E. Terrell, CSB #178181
8        Email: bterrell@terrellmarshall.com
        Blythe H. Chandler, *Admitted Pro Hac Vice*
9        Email:  bchandler@terrellmarshall.com
        936 North 34th Street, Suite 300
10       Seattle, Washington  98103-8869
        Telephone:  (206) 816-6603
11       Facsimile:  (206) 319-5450

12

*Attorneys for Plaintiffs*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

STIPULATION TO STAY MATTER PENDING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 4
CASE NO. 3:15-cv-03560-RS

1

### III.  [~~PROPOSED~~] ORDER

2        Pursuant to stipulation, this matter shall be stayed and administratively closed pending

3   preliminary and final approval of a proposed class-wide settlement in *Cavnar v. BounceBack,*

4   *Inc.*, No. No. 2:14-cv-00235 (E.D. Wash.).  The stay shall last until the court in the *Cavnar*

5   matter finally approves or rejects the proposed settlement and the period for appeal from a final

6   approval order has lapsed, or until September 30, 2016, whichever is earlier.  The parties shall

7   promptly advise the Court of developments in the *Cavnar* matter via joint status report.

8        IT IS SO ORDERED.

9        Dated this  16th  day of  March                                         , 2016.

10

11                                                         _____
                                                              UNITED STATES DISTRICT JUDGE

12   Presented by:

13   TERRELL MARSHALL LAW GROUP PLLC

14   By:  /s/ Beth E. Terrell, CSB #178181
          Beth E. Terrell, CSB #178181
15        Email: bterrell@terrellmarshall.com
          Blythe H. Chandler, *Admitted Pro Hac Vice*
16        Email:  bchandler@terrellmarshall.com
          936 North 34th Street, Suite 300
17        Seattle, Washington  98103-8869
          Telephone:  (206) 816-6603
18        Facsimile:  (206) 319-5450
19
          Michael F. Ram, CSB #104805
20        Email:  mram@rocklawcal.com
          Karl Olson, CSB #104760
21        Email:  kolson@rocklawcal.com
          Susan S. Brown, CSB #287986
22        Email:  sbrown@rocklawcal.com
          RAM, OLSON, CEREGHINO
23          & KOPCZYNSKI
          555 Montgomery Street, Suite 820
24        San Francisco, California  94111
          Telephone:  (415) 433-4949
25        Facsimile:  (415) 433-7311
26

27

STIPULATION TO STAY MATTER PENDING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 5
CASE NO. 3:15-cv-03560-RS

1

Paul Arons, CSB #84970
Email:  lopa@rockisland.com

2

LAW OFFICE OF PAUL ARONS

3

685 Spring Street, Suite 104
Friday Harbor, Washington  98250

4

Telephone:  (360) 378-6496
Facsimile:  (360) 378-6498

5

6

Deepak Gupta
Email: deepak@guptawessler.com

7

GUPTA WESSLER PLLC
1735 20th Street, NW

8

Washington, DC 20009
Telephone: (202) 888-1741

9

Facsimile: (202) 888-7792

10

*Attorneys for Plaintiffs*

11

PAINE HAMBLEN LLP

12

By:   /s/ Greg R. Smith, *Admitted Pro Hac Vice*

13

Scott C. Cifrese, *Admitted Pro Hac Vice*
Email:  scott.cifrese@painehamblen.com

14

Gregg R. Smith, *Admitted Pro Hac Vice*
Email:  gregg.smith@painehamblen.com

15

717 West Sprague Avenue, Suite 1200
Spokane, Washington 99201

16

Telephone: (509) 455-6000
Facsimile: (509) 838-0007

17

18

Robert F. Tyson, Jr., CSB #147177
Email: rtyson@tysonmendes.com

19

Jacob Felderman, CSB #229400
Email:  jfelderman@tysonmendes.com

20

Kelly Denham, CSB #285314
Email:  kdenham@tysonmendes.com

21

TYSON & MENDES

22

5661 La Jolla Boulevard
La Jolla, California  92037

23

Telephone: (858) 459-4400
Facsimile: (858) 459-3864

24

25

*Attorneys for Defendants*

26

27

STIPULATION TO STAY MATTER PENDING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 6
CASE NO. 3:15-cv-03560-RS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on March 16, 2016, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following:

    Robert F. Tyson, Jr., CSB #147177
    Email: rtyson@tysonmendes.com
    Jacob Felderman, CSB #229400
    Email:  jfelderman@tysonmendes.com
    Kelly Denham, CSB #285314
    Email:  kdenham@tysonmendes.com
    TYSON & MENDES
    5661 La Jolla Boulevard
    La Jolla, California  92037
    Telephone: (858) 459-4400
    Facsimile: (858) 459-3864

    Scott C. Cifrese, *Admitted Pro Hac Vice*
    Email:  scott.cifrese@painehamblen.com
    Gregg R. Smith, *Admitted Pro Hac Vice*
    Email:  gregg.smith@painehamblen.com
    PAINE HAMBLEN LLP
    717 West Sprague Avenue, Suite 1200
    Spokane, Washington 99201
    Telephone: (509) 455-6000
    Facsimile: (509) 838-0007

    *Attorneys for Defendants*

DATED this 16th day of March, 2016.

                    TERRELL MARSHALL LAW GROUP PLLC


            By:  /s/ Beth E. Terrell, CSB #178181
                 Beth E. Terrell, CSB #178181
                 Email:  bterrell@terrellmarshall.com
                 936 North 34th Street, Suite 300
                 Seattle, Washington  98103
                 Telephone:  (206) 816-6603
                 Facsimile:  (206) 319-5450

                 *Attorneys for Plaintiffs and the Proposed Classes*

STIPULATION TO STAY MATTER PENDING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 7
CASE NO. 3:15-cv-03560-RS

- Exhibit A -

Beth E. Terrell, WSBA #26759
Erika L. Nusser, WSBA #40854
Blythe H. Chandler, WSBA #43387
Attorneys for Plaintiffs
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email: bterrell@terrellmarshall.com
Email: enusser@terrellmarshall.com
Email: bchandler@terrellmarshall.com

[Additional Counsel Appear on Signature Page]

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WODENA CAVNAR, ROSALINE TERRILL, LINDA PARKS AND DAVID SCOTT, on their own behalf and on the behalf of all others similarly situated,<br><br>                 Plaintiffs,<br><br>    v.<br><br>BOUNCEBACK, INC., a Missouri Corporation, STONE FENCE HOLDINGS, INC., GALE KRIEG, and DOES 1 through 20,<br><br>                 Defendants. | NO. 2:14-cv-00235-RMP<br><br>**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE** |

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE - 1
CASE NO. 2:14-CV-00235-RMP

1     **SETTLEMENT AGREEMENT & RELEASE**

2         This Settlement Agreement and Release (the "Settlement Agreement") is

3 entered into by and between plaintiffs Woodena Cavnar, Rosaline Terrill, Linda

4 Parks, David Scott, Angelina Freitas, Rebecca Lyon, and Maresa Kendrick

5 (collectively, "Plaintiffs"), for themselves and the Settlement Class Members (as

6 defined below), and defendants BounceBack, Inc., Stone Fence Holdings, Inc.,

7 Check Connection, Inc., and Gale Krieg ("Defendants"). Plaintiffs and

8 Defendants are referred to collectively in this Settlement Agreement as the

9 "Parties."

10         **I.**     **RECITALS**

11         This Settlement Agreement is made with reference to and in contemplation

12 of the following facts and circumstances:

13         1.     On July 18, 2014, Plaintiffs Cavnar, Terrill, and Parks initiated a

14 lawsuit, captioned *Cavnar v. BounceBack, Inc.* ("Washington Action"), against

15 Defendants BounceBack, Inc., Stone Fence Holdings, Inc., and Gale Krieg before

16 the United States District Court for the Eastern District of Washington. Plaintiff

17 Scott joined as a party when Plaintiffs filed their First Amended Complaint in the

18 Washington Action on May 29, 2015.

19         2.     On August 3, 2015, Plaintiffs Freitas, Lyon, and Kendrick initiated a

20 lawsuit captioned *Freitas v. BounceBack, Inc.* ("California Action"), against

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE - 2
CASE NO. 2:14-CV-00235-RMP

1   Defendants BounceBack, Inc., Stone Fence Holdings, Inc., Check Connection,

2   Inc., and Gale Krieg before the United States District Court for the Northern

3   District of California. Plaintiffs filed their First Amended Complaint in the

4   California Action on October 23, 2015.

5       3.      Plaintiffs allege in the Complaint in the Washington Action, on

6   behalf of Plaintiffs and two proposed Washington classes, that Defendants

7   violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

8   ("FDCPA") and the Washington Consumer Protection Act, RCW 19.86.010, *et*

9   *seq.* ("CPA") by sending false and deceptive debt collection letters to Plaintiffs

10  and the proposed class.

11      4.      Plaintiffs allege in the Complaint in the California Action, on behalf

12  of the California Plaintiffs and two proposed California classes that Defendants

13  violated the FDCPA and the California Unfair Competition Law, Cal. Bus. &

14  Prof. C., §§ 17200, *et seq.* ("UCL") by sending false and deceptive debt

15  collection letters to Plaintiffs and the proposed class.

16      5.      The parties have agreed to the filing of a Second Amended

17  Complaint in the Eastern District of Washington that combines all parties and

18  claims in both the Washington Action and the California Action (collectively, the

19  "Action").  If the Court does not finally approve this Settlement for any reason,

20  the Second Amended Complaint shall be of no further force or effect; the First

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE - 3
CASE NO. 2:14-CV-00235-RMP

1  Amended Complaints filed in both the Washington and California Actions will be

2  the operative complaints.

3      6.      Defendants deny all claims asserted in the Action. Defendants also

4  deny all allegations of wrongdoing and liability in this Action. Defendants seek to

5  settle the Action for the sole purpose of avoiding the burden and expense of

6  continuing to litigate this Action.

7      7.      The Parties and their counsel have conducted investigations of the

8  facts and law underlying the claims asserted in this Action.  In addition, the

9  Parties and their counsel have conducted extensive discovery, which required

10  Defendants to produce thousands of documents and a significant volume of data,

11  and which included significant third-party discovery.  The Plaintiffs also

12  responded to written discovery.  The Parties and their counsel have also

13  conducted a thorough assessment of the strengths and weaknesses of their

14  respective cases.

15      8.      The Parties and their counsel have engaged in extensive and arm's-

16  length negotiations concerning settlement of the claims asserted in the Action,

17  including participating in private mediation with Teresa Wakeen, of Wakeen &

18  Associates Mediation Services, an experienced mediator of consumer class action

19  lawsuits.

20

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE - 4
CASE NO. 2:14-CV-00235-RMP

9.      As a result of the abovementioned efforts and ongoing direct negotiations between the Parties after the unsuccessful mediation, the Parties enter into this Settlement Agreement. Subject to this Court's approval as required by Rule 23 of the Federal Rules of Civil Procedure, this Settlement Agreement will fully and forever resolve, discharge, and release all rights and claims of Plaintiffs and the Settlement Class Members (as defined below). In exchange, Defendants agree to pay the sum of $530,000 to create a common fund for the benefit of Plaintiffs and the Settlement Class Members.

10.     Plaintiffs and their counsel have concluded, based upon their investigation and thorough assessment, and taking into account Defendants' assets available to satisfy a judgment, defenses, the expense and time necessary to continue to litigate the Action through trial, the risks and costs associated with any further proceedings and potential appeals, the uncertainties of proving the claims asserted in the Action, and the substantial benefits to be received pursuant to this Settlement Agreement, that a settlement with Defendants and the terms of this Settlement Agreement are fair and reasonable, as well as in the best interest of Plaintiffs and the Settlement Class Members.

11.     Plaintiffs, on behalf of themselves and the Settlement Class Members, and their counsel agree to the terms of this Settlement Agreement and to have judgment entered without trial or adjudication of any factual or legal

1   issue. Plaintiffs and their counsel also agree that this Settlement Agreement,

2   including any of its exhibits, does not constitute any evidence against, or any

3   admission by Defendants.

4       **THEREFORE,** the Parties hereby stipulate and agree that, in

5   consideration of the agreements, promises, and covenants set forth in this

6   Settlement Agreement, and subject to approval of the Court, the Action shall be

7   completely, fully, and finally settled and dismissed with prejudice as follows:

8           **II.**    **DEFINITIONS**

9       In addition to the terms defined in other Sections of this Settlement

10   Agreement, the following defined terms apply to this Settlement Agreement and

11   its exhibits:

12       1.    "Class Administrator" means the third-party selected by Class

13   Counsel to prepare and send notice to the Settlement Class and to administer the

14   settlement claims.

15       2.    "Class Counsel" or "Plaintiffs' Counsel" means the law firms of

16   Terrell Marshall Law Group, PLLC, Law Office of Paul Arons, Gupta Wessler

17   PLLC, Ram, Olson, Cereghino & Kopczynski LLP, and Kirk D. Miller, P.S.

18       3.    "Court" means the United States District Court for the Eastern

19   District of Washington.

20

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE - 6
CASE NO. 2:14-CV-00235-RMP

4.      "Defendants' Fees" means any amount of money paid to the Defendants by a member of the Settlement Class that exceeds the amount of a check that was dishonored upon presentment.

5.      "Effective Date" means the fifth day after the later of the following events:

       a.      The Court has entered the Final Approval Order; and

       b.      The final disposition of any related appeals, or, in the case of no appeal or review being filed, expiration of the applicable appellate period.

6.      "Final Approval Hearing" means the hearing held by the Court to determine whether to finally approve the Settlement and to determine the amount of fees and expenses awarded to Class Counsel and the amount of the service awards to Plaintiffs.

7.      "Final Approval Order" means the order and judgment that the Court enters after finally approving the Settlement, substantially in the form attached hereto as Exhibit A.

8.      "Letter" means any letter that the Released Parties sent, referring or relating to a returned check, and bearing the name, seal, or letterhead of any prosecuting attorney in Washington, or of a district attorney in Lake, Mendocino, Plumas, San Benito, Sutter, or Yuba counties in California.

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE - 7
CASE NO. 2:14-CV-00235-RMP

1    9.    "Notice Plan" means the proposed plan of sending notice to the

2   Settlement Class of the proposed Settlement as set forth in Section VII.3 of this

3   Settlement Agreement.

4    10.    "Objection Deadline" means 60 calendar days from the Settlement

5   Notice Date.

6    11.    "Opt-Out Deadline" means 60 calendar days from the Settlement

7   Notice Date.

8    12.    "Postcard Notice" means the notice that will be provided pursuant to

9   Section VII.3 of this Settlement Agreement, substantially in the same form as

10   Exhibit B.

11    13.    "Preliminary Approval Order" means the order that the Court enters

12   upon preliminarily approving the Settlement, substantially in the form attached

13   hereto as Exhibit C.

14    14.    "Released Claims" means all claims to be released as set forth in

15   Section XII.2 of this Settlement Agreement.

16    15.    "Released Parties" means Defendants BounceBack, Inc., Stone

17   Fence Holdings, Inc., Check Connection, Inc., and Gale Krieg.

18    16.    "Releasing Parties" means the named Plaintiffs and members of the

19   Settlement Class to whom the Postcard Notice is mailed.

20

1       17.   "Settlement" means the settlement contemplated by this Settlement

2   Agreement.

3       18.   "Settlement Award" means a cash payment that may be available to

4   eligible Settlement Class Members.

5       19.   "Settlement Class" means all persons who: (a) were sent one or more

6   Letters bearing the name, seal, or letterhead of any prosecuting attorney in

7   Washington, from July 18, 2013 to November 30, 2015; or (b) were sent one or

8   more Letters bearing the name, seal, or letterhead of any prosecuting attorney in

9   Washington, from July 18, 2010 to November 30, 2015 and who paid any of

10  Defendants' Fees; or (c) were sent one or more Letters bearing the name, seal, or

11  letterhead of any district attorney in Lake, Mendocino, Plumas, San Benito,

12  Sutter, or Yuba County, California from August 3, 2014 to November 30, 2015;

13  or (d) were sent one or more Letters bearing the name, seal, or letterhead of any

14  district attorney in Lake, Mendocino, Plumas, San Benito, Sutter, or Yuba

15  County, California from August 3, 2011 to November 30, 2015 and who paid any

16  of Defendants' Fees; and appear on the Settlement Class List.

17      20.   "Settlement Class List" means the Excel spreadsheets provided by

18  Defendants to Plaintiffs' counsel on February 10, 2016.

19      21.   "Settlement Class Members" means all persons in the Settlement

20  Class who do not request to be excluded from this Settlement.

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE - 9
CASE NO. 2:14-CV-00235-RMP

1    22.    "Settlement Costs" means (i) any award of attorneys' fees and costs

2    to Class Counsel approved by the Court; (ii) any incentive or statutory damage

3    awards to Plaintiffs approved by the Court; (iii) all costs of printing and providing

4    notice to persons in the Settlement Class (including, but not limited to Postcard

5    Notice, Website Notice, and any additional notice that might be ordered by the

6    Court); (iv) all costs of administering the Settlement, including, but not limited to,

7    the cost of printing and mailing Settlement Awards and the cost of maintaining a

8    Settlement Website; and (v) the fees, expenses and all other costs of the Class

9    Administrator.

10   23.    "Settlement Fund" means the total cash sum of $530,000.00 to be

11   paid by Defendants pursuant to Sections IV.4 and IV.5 of this Settlement

12   Agreement.  The Settlement Fund will be maintained in an escrow account

13   managed by the Class Administrator. The Class Administrator will act in

14   accordance with the terms of this Settlement Agreement and the orders of the

15   Court.

16   24.    "Settlement Notice Date" means the date the Settlement Notices are

17   sent pursuant to the Notice Plan.

18   25.    "Settlement Website" means the website that will be established and

19   maintained by the Class Administrator as set forth in this Settlement Agreement.

20

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE - 10
CASE NO. 2:14-CV-00235-RMP

1    26.    "Website Notice" means the detailed notice of the Settlement that

2    will be available on the Settlement Website subject to approval by the Court,

3    substantially in the form attached hereto as Exhibit D.

### III.    TERMS OF SETTLEMENT

5    1.    Stay and Dismissal of *Freitas v. BounceBack, Inc.*  The Parties agree

6    to jointly seek a stay of the California Action pending approval of this Settlement

7    and the Parties agree to voluntarily dismiss the California Action under Federal

8    Rule of Civil Procedure 41(a)(1)(A)(ii), within five (5) calendar days of the

9    Effective Date.

10    2.    Conditional Certification of the Settlement Class.  For the sole

11    purpose of settlement, the Parties and their counsel agree to conditional

12    certification of the Settlement Class.  Preliminary approval of the Settlement

13    Class shall not be deemed a concession that certification of a litigation class is

14    proper, and it will not preclude Defendants from challenging class certification in

15    this Action or in any other proceedings.  If the Court does not finally approve this

16    Settlement for any reason, the certification of the Settlement Class will be void.

17    No agreements made or entered into by Defendants in connection with this

18    Settlement may be used by Plaintiffs, any person in the Settlement Class, or any

19    other person to establish any liability or any element of class certification in this

20    Action or any other proceedings.

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE - 11
CASE NO. 2:14-CV-00235-RMP

## IV.    SETTLEMENT CONSIDERATION

1.      Settlement Fund.  Defendants shall pay $530,000.00 in full and complete satisfaction of all obligations under this Settlement. The non-reversionary Settlement Fund includes, without limitation, payment of Settlement Awards, expenses for notice and class administration, fees and expenses of Class Counsel, and service and statutory awards to Plaintiffs.  Under no circumstances will the Released Parties have any further payment obligations to Plaintiffs, any member of the Settlement Class, the Class Administrator, or Class Counsel. From the Settlement Fund, not less than $242,467.00 shall be allocated to awards to Settlement Class Members.  The balance shall be allocated to class administration expenses, litigation costs and expenses, awards to the class representatives, and partial payment of reasonable attorney's fees as set forth below.  The Released Parties agree that they will not object to this allocation.

2.      Distributions to Settlement Class Members.  Each Settlement Class Member for whom the Class Administrator has a deliverable address (which shall be determined based on whether the Postcard Notice is successfully delivered) shall be paid a single Settlement Award:

a.  Members of the Settlement Class who have only FDCPA statutory damages will receive a Settlement Award of $5.

1        b.  Members of the Settlement Class who paid Defendants' Fees will

2            receive a Settlement Award reflecting a percentage of the Fees

3            the Settlement Class Member paid to Defendants, provided

4            however that Settlement Class Members whose total Settlement

5            Award would otherwise be less than $5 will receive an award of

6            $5.  Class Counsel estimates that these Settlement Awards will

7            equal thirteen to fifteen (13–15) percent of the fees paid by each

8            Washington CPA and California UCL Settlement Class Member.

9        c.  Settlement Class Members who both have statutory damages

10          under the FDCPA and paid Defendants' Fees will receive either

11          an award based on a percentage of Fees paid or a $5 award of

12          statutory damages, whichever is greater.

13        d.  Settlement Awards shall be mailed by the Class Administrator

14          within 30 days after the Effective Date.  The Class Administrator

15          shall mail, by first class mail, a check to each Settlement Class

16          Member whose Postcard Notice was not returned undeliverable.

17          Settlement Class Members will not be required to submit claims

18          in order to receive a Settlement Award.  Checks will be valid for

19          120 days from the date on the check.

20

3.     Payment.  Within seven (7) calendar days from the entry of the Preliminary Approval Order, Defendants will pay the Class Administrator the full amount of the Settlement Fund.  If the Effective Date does not take place, any remaining funds shall be returned to Defendants.  In the event there is no Effective Date, Plaintiffs shall have no liability for any payments previously made from the Settlement Fund in accordance with the provisions of this Settlement Agreement.

## V.     SERVICE AWARD TO PLAINTIFFS AND ATTORNEYS' FEES AND EXPENSES

1.     Payment to Plaintiffs.  Plaintiffs may move the Court for service awards for their time and effort in connection with this Action. Plaintiffs will ask the Court to approve service awards in the amount of One Thousand Dollars ($1,000.00) for each of the Plaintiffs.  Plaintiffs will also ask the Court to approve statutory damages of One Thousand Dollars ($1,000.00) for each of the Plaintiffs under 15 U.S.C. § 1692k(a)(2).  The Class Administrator shall issue any approved service awards and statutory damages from the Settlement Fund to Class Counsel within five (5) days after the Effective Date.  Class Counsel will then disburse the payments to Plaintiffs.

2.     Class Administration Costs, Litigation Expenses and Attorney's Fees.  Class administration costs, litigation expenses and reasonable attorney's

1   fees shall be paid from the balance remaining in the Settlement Fund after the

2   allocation for Settlement Awards approved by the Court.  Class Counsel will

3   move the Court for an award of reasonable attorneys' fees and expenses, based on

4   the lodestar amount of their fees, as well as reasonable out-of-pocket costs and

5   litigation expenses that Class Counsel have incurred prosecuting this litigation.

6   Class Counsel will file any motion for an award of attorneys' fees, costs, and

7   service and statutory damage awards to Plaintiffs within 30 days of the Settlement

8   Notice Date.  Attorney's fees will be paid from the balance remaining after

9   payment of class administration costs, and reasonable litigation costs and

10  expenses.  Class counsel anticipate that their lodestar fees will substantially

11  exceed the amount available after payment of all other amounts due under this

12  Settlement.  The Class Administrator will post Class Counsel's motion for an

13  award of fees, costs, and service and statutory damage awards within twenty-four

14  (24) hours after it is filed with the Court.  The Class Administrator shall issue the

15  award of attorneys' fees and expenses available from the Settlement Fund to

16  Class Counsel within five (5) days after the Effective Date.

17        3.      Unclaimed Settlement Funds.  Settlement Award checks that are not

18  cashed within 120 days after the date on the check shall be voided.  To the extent

19  that the Court has approved as reasonable fees and costs exceeding the amount

20  available when Settlement Award checks were mailed, Class Counsel will ask the

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE - 15
CASE NO. 2:14-CV-00235-RMP

1   Court to order that unclaimed funds remaining in the Settlement Fund after all

2   Settlement Award checks have been cashed or voided be paid to Class Counsel.

3   No amounts shall revert to Defendants.

4       4.   _Cy pres_ Award:  Because of the limited funds available in this

5   Settlement, Plaintiffs do not anticipate that there will be any amounts remaining

6   in the Settlement Fund after a distribution of Settlement Awards to Plaintiffs and

7   Settlement Class Members, and payment of class administration costs, reasonable

8   attorney's fees, and litigation costs and expenses.  If there are undistributed

9   amounts remaining in the Settlement Fund, the parties agree that these amounts

10  shall be paid to the Northwest Consumer Law Center, as a _cy pres_ recipient.

11      5.   Effect of Lesser Award.   If the Court awards service or statutory

12  damage awards to Plaintiffs or fees and costs to Class Counsel that are lower than

13  requested, this Settlement Agreement will remain in full force and will continue

14  to be binding on all Parties, including the Settlement Class Members.  No funds

15  shall revert to Defendants.

16          **VI.   PRELIMINARY APPROVAL**

17      1.   Motion for Preliminary Approval.  On or before March 4, 2016,

18  Plaintiffs will move the Court for entry of the Preliminary Approval Order, which

19  shall specifically include provisions that: (a) preliminarily approve the Settlement

20  reflected herein as fair, adequate and reasonable to the Settlement Class, and

1   within the reasonable range of possible final approval; (b) conditionally certify

2   the Settlement Class for settlement purposes only and appoint Class Counsel as

3   counsel for the Settlement Class for settlement purposes only; (c) approve the

4   forms of Class Notice and find that the Notice Program constitutes the best notice

5   practicable under the circumstances, provides due and sufficient notice to the

6   Settlement Class and fully satisfies the requirements of due process and Federal

7   Rule of Civil Procedure 23; (d) direct that notice be provided to the Settlement

8   Class, in accordance with this Agreement, within thirty (30) days following entry

9   of the Preliminary Approval Order (the "Notice Deadline"); (e) establish a

10   procedure for Settlement Class Members to object to the Settlement or exclude

11   themselves from the Settlement Class, and set a date sixty (60) days after the

12   Notice Deadline, after which no one shall be allowed to object to the Settlement

13   or exclude himself or herself from the Settlement Class or seek to intervene; (f)

14   approve the Notice and Settlement Fund Distribution described herein; (g)

15   pending final determination of whether the Settlement should be approved, bar all

16   Settlement Class Members, directly, on a representative basis or in any other

17   capacity, from commencing or prosecuting against any of the Released Parties

18   any action, arbitration, or proceeding in any court, arbitration forum or tribunal

19   asserting any of the Released Claims; (h) pending final determination of whether

20   the Settlement should be approved, stay all proceedings in the Action except

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE - 17
CASE NO. 2:14-CV-00235-RMP

1    those related to effectuation of the Settlement; and (i) schedule a hearing on Final

2    Approval of the Settlement, which shall be scheduled no earlier than thirty (30)

3    days after the Opt-Out and Objection Deadline.

4    ## VII.   ADMINISTRATION AND NOTICE

5        1.    Class Administrator.  The Class Administrator will be selected by

6    Class Counsel, and shall be responsible for administration of this Settlement. The

7    Class Administrator shall be allowed to communicate freely with the Parties'

8    counsel, and will provide updates on a monthly basis to and as requested by the

9    Parties' counsel.

10       2.    Payment of Administration and Notice.  All costs of administering

11   this Settlement will be paid from the Settlement Fund by the Class Administrator,

12   subject to written approval by Class Counsel. In their motion for preliminary

13   approval, Class Counsel will provide an estimate of the cost of administering the

14   Settlement. Regardless of the ultimate costs of administering this Settlement,

15   Defendants' payment obligation is limited to Section IV.1 of this Settlement

16   Agreement.

17       3.    Notice and Fund Distribution Plan.  The Class Administrator shall

18   provide notice as detailed below within thirty (30) calendar days after the

19   issuance of the Preliminary Approval Order:

20

a.   Notice by U.S. Mail.  The Class Administrator will provide individual Postcard Notice through:

   i.   U.S. mail to the most recent address for each Settlement Class Member reflected in the records produced by Defendants in this Action and corrected through the National Change of Address system.

b.   Settlement Website.  Within seven (7) calendar days from entry of the Preliminary Approval Order, the Class Administrator will also establish and maintain the Settlement Website, which will display, at a minimum, the operative Complaint, Postcard Notice, Website Notice, this Settlement Agreement, opt-out form, and the Preliminary Approval Order. Within twenty-four (24) hours after Class Counsel files a motion for an award of attorneys' fees, costs and service awards to Plaintiffs, that motion will also be displayed on the Settlement Website.

4.   CAFA Notice.  Class Counsel shall prepare and Defendants' counsel shall serve timely Class Action Fairness Act notices within ten (10) calendar days after the filing of the motion for preliminary approval.

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE - 19
CASE NO. 2:14-CV-00235-RMP

1

## IX.   OPT-OUT PROCESS

2    1.    Opt-Out Requirements.  Individuals in the Settlement Class may

3 exclude themselves from the Settlement Class by advising the Class

4 Administrator either in writing, or through the Settlement Website, no later than

5 the Opt-Out Deadline that they do not want to be a class member.  All such

6 writings must include the name and address of the individual opting out, and if

7 mailed, must be postmarked no later than the Opt-Out Deadline. All persons in

8 the Settlement Class will be bound by this Settlement and judgments of this Court

9 in this Action unless they exclude themselves in writing by the Opt-Out Deadline.

10    2.    Retention of Opt-Outs.  The Class Administrator will retain a copy

11 of all opt-out requests and will provide copies to the Parties' counsel upon

12 request.

13

## X.   OBJECTIONS

14    1.    Right to Object.  Any Settlement Class Member who desires to

15 object to the fairness of this Settlement must file a written objection with the

16 Court by the Objection Deadline. The written objection must provide the

17 objector's name, address, and telephone number, and the reason(s) for the

18 objection.

19    2.    Right to Appear at Final Approval Hearing.  Anyone who properly

20 objects, as described herein, may appear at the Final Approval Hearing, including

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE - 20
CASE NO. 2:14-CV-00235-RMP

1  through an attorney hired at the objector's expense. Such objectors or their

2  attorneys intending to appear at the Final Approval Hearing must file a notice of

3  appearance with the Court no later than ten (10) days before the Final Approval

4  Hearing. Any member of the Settlement Class who fails to comply with the

5  provisions herein shall waive and forfeit any and all rights to appear and/or object

6  separately, and shall be bound by the terms of this Settlement and the orders and

7  judgments of this Court.

8  ## XI.   FINAL APPROVAL

9  1.   Declaration of Notice by Class Administrator.  The Class

10  Administrator shall provide the Parties' counsel no later than fourteen (14)

11  calendar days prior to the Final Approval Hearing with a declaration stating that

12  the Notice required by this Settlement Agreement has been completed pursuant to

13  the Preliminary Approval Order.

14  2.   Motion for Final Approval Order.  After completion of the Notice

15  Plan and the expiration of the Opt-Out and Objection Deadlines, and no later than

16  fourteen (14) calendar days prior to the Final Approval Hearing, Plaintiffs'

17  counsel shall move the Court to enter the Final Approval Order. Plaintiffs'

18  counsel shall file a memorandum addressing any valid objections, and

19  Defendants' counsel may, but is not required to, file an additional memorandum

20

1    in response. The Parties' responses addressing such objections shall be filed no

2    later than fourteen (14) days prior to the Final Approval Hearing.

3           3.    <u>Final Approval Order</u>.  This Settlement Agreement is subject to and

4    conditioned upon the issuance by the Court of a Final Approval Order that grants

5    approval of this Settlement and:

6                a.    Finds that the notice under the Notice Plan satisfies the

7                      requirements of Due Process and Rule 23 of the Federal Rules

8                      of Civil Procedure;

9                b.    Finds that the Settlement Agreement is fair, reasonable, and

10                    adequate to the Settlement Class Members;

11                c.    Finds that Plaintiffs and Class Counsel have adequately

12                    represented the Settlement Class Members;

13                d.    Finds that each Settlement Class Member shall be bound to

14                    this Settlement Agreement, including the release and covenant

15                    not to sue in Section XII;

16                e.    Approves this Settlement;

17                f.    Dismisses on the merits with prejudice all claims of the

18                    Settlement Class Members asserted in this Action;

19                g.    Permanently enjoins each Settlement Class Member from

20                    bringing, joining, or continuing to prosecute against the

1  Released Parties any action involving the Released Claims;

2  and

3  h.  Retains jurisdiction of all matters relating to the

4  administration, implementation, interpretation, and

5  enforcement of this Settlement.

6  ## XII.  RELEASE OF CLAIMS

7  1.  <u>Release</u>.  As of the Effective Date, Plaintiffs and each Releasing

8  Party, their respective heirs, executors, administrators, representatives, agents,

9  attorneys, partners, affiliates, successors, predecessors-in-interest, and assigns

10  hereby release, resolve, relinquish, and discharge forever each of the Released

11  Parties and their respective directors, officers, employees, heirs, executors,

12  administrators, representatives, agents, attorneys, partners, affiliates, successors,

13  parents, subsidiaries, predecessors-in-interest, insurers, and assigns from each of

14  the Released Claims as defined below.

15  2.  <u>Released Claims</u>.  Released Claims means any and all claims, causes

16  of action, suits, obligations, debts, demands, agreements, promises, liabilities,

17  damages, losses, controversies, costs, expenses, and attorneys' fees of any nature

18  whatsoever, whether known or unknown, suspected or unsuspected, asserted or

19  unasserted, foreseen or unforeseen, actual or contingent, liquidated or

20  unliquidated, punitive or compensatory that exist as of November 30, 2015, and

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE - 23
CASE NO. 2:14-CV-00235-RMP

1  that arise out of or relate in any way to Letters, including, but not be limited to,

2  claims based on a violation of the FDCPA, CPA, UCL, and any other statutory or

3  common law claim.

4    3.  Covenant Not to Sue.  Plaintiffs and each Releasing Party will be deemed

5  to have agreed not to sue any Released Party with respect to any of the Released

6  Claims and to have agreed to be forever barred from doing so.

7                    **XIII.  TERMINATION OF AGREEMENT**

8    1.    The Parties' Right to Terminate Settlement.  The Parties shall have

9  the right to unilaterally terminate this Settlement Agreement by providing written

10  notice of its election to do so to the other party within fourteen (14) calendar days

11  of any of the following events:

12          a.    The Court rejects, materially changes or modifies, or declines

13                preliminary or final approval of the Settlement Agreement;

14          b.    An Appellate Court reverses the Final Approval Order;

15          c.    The Effective Date does not occur;

16          d.    A party, its counsel or the Class Administrator breaches the

17                terms of this Settlement Agreement prior to the Effective

18                Date; or

19          e.    Any other ground for termination provided elsewhere in this

20                Agreement.

1

## XIV.  NO ADMISSION OF LIABILITY

2      1.      Denial of Liability.  Defendants deny any liability or wrongdoing of

3  any kind in connection with the claims alleged in this Action. Defendants have

4  denied and continues to deny each and every material factual allegation in this

5  Action. Nothing in this Settlement Agreement and all acts performed in

6  furtherance of this Settlement Agreement shall constitute an admission by

7  Defendants of wrongdoing or liability in this Action. Nothing in this Settlement

8  Agreement and all acts performed in furtherance of this Settlement Agreement

9  shall constitute an admission by Defendants of the truth of any factual allegations

10  in this Action. While Defendants deny any liability, they have concluded that

11  further litigating this Action would be expensive and waste the time and resources

12  of the company. Thus, Defendants have concluded that it is desirable to fully and

13  finally settle this Action.

14      2.      Federal Rule of Evidence 408.  Pursuant to Rule 408 of the Federal

15  Rules of Evidence, this Settlement Agreement and any related documents filed or

16  created in connection with this Settlement Agreement shall be inadmissible as

17  evidence in any proceeding, except as necessary to approve, interpret, or enforce

18  this Settlement Agreement.

19

## XV.  GENERAL PROVISIONS

20

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE - 25
CASE NO. 2:14-CV-00235-RMP

1    1.    <u>Entire Agreement</u>.  This Settlement Agreement and its exhibits

2  constitute the entire agreement between the Parties.

3    2.    <u>Jurisdiction</u>.  This Court shall retain continuing and exclusive

4  jurisdiction over the Parties to this Settlement Agreement, including the

5  Settlement Class Members, and the administration and enforcement of this

6  Settlement Agreement.

7    3.    <u>No Construction Against Drafter</u>.  This Settlement Agreement will

8  be deemed to have been drafted by the Parties, and any rule that a document shall

9  be interpreted against the drafter will not apply.

10    4.    <u>Authority</u>.  Each person executing this Settlement Agreement on

11  behalf of any of the Parties hereto represents that such person has the authority to

12  so execute this Settlement Agreement.

13    5.    <u>No Oral Modifications</u>.  This Settlement Agreement may not be

14  amended or modified in any manner except by a writing signed by Defendants

15  and Class Counsel, and approved by the Court.

16    6.    <u>No Assignment</u>.  No party to this Settlement Agreement has

17  heretofore assigned, transferred, or granted, or attempted to do so, any of the

18  claims or causes of action disposed of by this Settlement Agreement.

19

20

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE - 26
CASE NO. 2:14-CV-00235-RMP

1        7.     <u>Agreement Binding on Successors in Interest</u>.  This Settlement

2 Agreement is binding on and shall inure to the benefit of the respective heirs,

3 successors, and assigns of the Parties.

4        8.     <u>Resolution of Disputes</u>.  Any disputes regarding the administration

5 of this Settlement Agreement that the Parties cannot resolve between themselves

6 will be decided by the Court.

7        9.     <u>Execution in Counterparts</u>.  This Settlement Agreement may be

8 executed in any number of counterparts, each of which shall be deemed an

9 original, but all of which shall constitute one and the same instrument.

10       10.   <u>Notices</u>.  All notices to counsel provided herein shall be sent by

11 electronic mail with a hard copy sent by overnight mail to:

12       <u>As to Plaintiffs and Settlement Class Members</u>:

13       TERRELL MARSHALL LAW GROUP PLLC
      Beth E. Terrell
14       Email: bterrell@terrellmarshall.com
      Erika L. Nusser
15       Email: enusser@terrellmarshall.com
      Blythe H. Chandler
16       Email: bchandler@terrellmarshal.com
      936 North 34th Street, Suite 300
17       Seattle, Washington 98103-8869
      Telephone: (206) 816-6603
18       Facsimile: (206) 319-5450

19       LAW OFFICE OF PAUL ARONS
      Paul Arons
20       Email:  lopa@rockisland.com

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE - 27
CASE NO. 2:14-CV-00235-RMP

1

685 Spring Street, Suite 104
Friday Harbor, Washington  98250

2

Telephone:  (360) 378-6496
Facsimile:  (360) 387-6498

3

KIRK D. MILLER, P.S.

4

Kirk D. Miller
Email:  kmiller@millerlawspokane.com

5

421 W. Riverside Avenue, Suite 704
Spokane, Washington  99201

6

Telephone:  (509) 413-1494
Facsimile:  (509) 413-1724

7

RAM, OLSON, CEREGHINO & KOPCZYNSKI

8

Michael F. Ram
Email:  mram@rocklawcal.com

9

Susan S. Brown
Email:  sbrown@rocklawcal.com

10

555 Montgomery Street, Suite 820
San Francisco, California  94111

11

Telephone:  (415) 433-4949
Facsimile:  (415) 433-7311

12

13

14

15

16

17

18

19

20

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE - 28
CASE NO. 2:14-CV-00235-RMP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

<u>As to Defendants:</u>

PAINE HAMBLEN LLP
Scott C. Cifrese
Email:  scott.cifrese@painehamblen.com
Gregg R. Smith
Email: gregg.smith@painhamblen.com
David L. Broom
Email:  dave.broom@painehamblen.com
717 W. Sprague Ave., Suite 1200
Spokane, Washington 99201
Telephone: (509) 455-6000
Facsimile: (509) 838-0007

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE - 29
CASE NO. 2:14-CV-00235-RMP

1

2          IN WITNESS HEREOF the undersigned, being duly authorized, have

3   caused this Agreement to be executed on the dates shown below.

    WODENA CAVNAR
4
    By: _Wodena M Cavnar_          03/10/2016
5       Plaintiff                  Date

6   ROSALINE TERRILL

7   By: _____    _____
        Plaintiff                  Date
8
    LINDA PARKS
9
    By: _____    _____
10      Plaintiff                  Date

11  DAVID SCOTT

12  By: _____    _____
        Plaintiff                  Date
13
    ANGELINA FREITAS
14
    By: _____    _____
15      Plaintiff                  Date

16  REBECCA LYON

17  By: _____    _____
        Plaintiff                  Date
18
    MARESA KENDRICK
19
    By: _____    _____
20      Plaintiff                  Date

    CLASS ACTION SETTLEMENT
    AGREEMENT AND RELEASE - 30
    CASE NO. 2:14-CV-00235-RMP

1

2        IN WITNESS HEREOF the undersigned, being duly authorized, have

3    caused this Agreement to be executed on the dates shown below.

     WODENA CAVNAR
4
     By: _____          _____
5          Plaintiff                     Date

6    ROSALINE TERRILL

7    By: _____              3/11/2016
           Plaintiff                     Date
8
     LINDA PARKS
9
     By: _____          _____
10         Plaintiff                     Date

11   DAVID SCOTT

12   By: _____          _____
           Plaintiff                     Date
13
     ANGELINA FREITAS
14
     By: _____          _____
15         Plaintiff                     Date

16   REBECCA LYON

17   By: _____          _____
           Plaintiff                     Date
18
     MARESA KENDRICK
19
     By: _____          _____
20         Plaintiff                     Date

     CLASS ACTION SETTLEMENT
     AGREEMENT AND RELEASE - 30
     CASE NO. 2:14-CV-00235-RMP

1

  IN WITNESS HEREOF the undersigned, being duly authorized, have

2

caused this Agreement to be executed on the dates shown below.

3

WODENA CAVNAR

4

By: _____        _____
5       Plaintiff                                    Date

6  ROSALINE TERRILL

7  By: _____        _____
         Plaintiff                                    Date
8

9  LINDA PARKS

10 By: _~~Linda A Parks~~_           _3 - 07 - 2016_
        Plaintiff                                    Date

11 DAVID SCOTT

12 By: _____        _____
         Plaintiff                                    Date
13

   ANGELINA FREITAS
14

15 By: _____        _____
         Plaintiff                                    Date

16 REBECCA LYON

17 By: _____        _____
         Plaintiff                                    Date
18

   MARESA KENDRICK
19

20 By: _____        _____
         Plaintiff                                    Date

   CLASS ACTION SETTLEMENT
   AGREEMENT AND RELEASE - 30

1    IN WITNESS HEREOF the undersigned, being duly authorized, have

2  caused this Agreement to be executed on the dates shown below.

3  WODENA CAVNAR

4  By: _____          _____
5        Plaintiff                                    Date

6  ROSALINE TERRILL

7  By: _____          _____
        Plaintiff                                    Date
8
   LINDA PARKS
9
   By: _____          _____
10       Plaintiff                                    Date

11 DAVID SCOTT

12 By: _____          10-Mar-16
        Plaintiff                                    Date
13
   ANGELINA FREITAS
14
   By: _____          _____
15       Plaintiff                                    Date

16 REBECCA LYON

17 By: _____          _____
        Plaintiff                                    Date
18
   MARESA KENDRICK
19
   By: _____          _____
20       Plaintiff                                    Date

   CLASS ACTION SETTLEMENT
   AGREEMENT AND RELEASE - 30
   CASE NO. 2:14-CV-00235-RMP

1

2
      IN WITNESS HEREOF the undersigned, being duly authorized, have

3
caused this Agreement to be executed on the dates shown below.

    WODENA CAVNAR
4

5
By: _____       _____
      Plaintiff                    Date

6
ROSALINE TERRILL

7
By: _____       _____
      Plaintiff                    Date

8
LINDA PARKS

9

10
By: _____       _____
      Plaintiff                    Date

11
DAVID SCOTT

12
By: _____       _____
      Plaintiff                    Date

13
ANGELINA FREITAS

14
By: *Angelina Freitas* (signature)      3/10/2016

15
      Plaintiff                    Date

16
REBECCA LYON

17
By: _____       _____
      Plaintiff                    Date

18
MARESA KENDRICK

19

20
By: _____       _____
      Plaintiff                    Date

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE - 30
CASE NO. 2:14-CV-00235-RMP

1    IN WITNESS HEREOF the undersigned, being duly authorized, have

2  caused this Agreement to be executed on the dates shown below.

3  WODENA CAVNAR

4  
   By: _____          _____
5        Plaintiff                        Date

6  ROSALINE TERRILL

7  By: _____          _____
         Plaintiff                        Date

8  
   LINDA PARKS
9  
   By: _____          _____
10       Plaintiff                        Date

11  DAVID SCOTT

12  By: _____          _____
         Plaintiff                        Date

13  
   ANGELINA FREITAS
14  
   By: _____          _____
15       Plaintiff                        Date

16  REBECCA LYON

17  By: _Rebecca Lyon_____          _3/10/2016_____
         Plaintiff                        Date

18  
   MARESA KENDRICK
19

1

2     IN WITNESS HEREOF the undersigned, being duly authorized, have

3     caused this Agreement to be executed on the dates shown below.

      WODENA CAVNAR
4

5     By: _____          _____
         Plaintiff                         Date

6     ROSALINE TERRILL

7     By: _____          _____
         Plaintiff                         Date
8
      LINDA PARKS
9

10    By: _____          _____
         Plaintiff                         Date

11    DAVID SCOTT

12    By: _____          _____
         Plaintiff                         Date
13
      ANGELINA FREITAS
14

15    By: _____          _____
         Plaintiff                         Date

16    REBECCA LYON

17    By: _____          _____
         Plaintiff                         Date
18
      MARESA KENDRICK
19

20    By: _Maresa Kendrick_                 _3-9-16_
         Plaintiff                         Date

      CLASS ACTION SETTLEMENT
      AGREEMENT AND RELEASE - 30
      CASE NO. 2:14-CV-00235-RMP

1  TERRELL MARSHALL LAW GROUP PLLC

2  By: _____          3/10/2016
        Counsel for Plaintiffs                Date

3

   GUPTA WESSLER PLLC

4

5  By: _____          _____
        Counsel for Plaintiffs                Date

6  LAW OFFICE OF PAUL ARONS

7  By: _____          _____
        Counsel for Plaintiffs                Date

8

   KIRK D. MILLER, P.S.

9

10 By: _____          _____
        Counsel for Plaintiffs                Date

11 RAM, OLSON, CEREGHINO & KOPCZYNSKI

12 By: _____          March 9/16
        Counsel for Plaintiffs                Date

13     Susan S. Brown

14 BOUNCEBACK, INC.

15 By: _____          _____
   Its: _____          Date

16     Defendant

17 STONE FENCE HOLDINGS, INC.

18 By: _____          _____
   Its: _____          Date

19     Defendant

20

   CLASS ACTION SETTLEMENT
   AGREEMENT AND RELEASE - 31
   CASE NO. 2:14-CV-00235-RMP

1    TERRELL MARSHALL LAW GROUP PLLC

2    By: _____          _____
          Counsel for Plaintiffs              Date
3
     GUPTA WESSLER PLLC
4
     By: _____          3/11/2016
5         Counsel for Plaintiffs              Date

6    LAW OFFICE OF PAUL ARONS

7    By: _____          _____
          Counsel for Plaintiffs              Date
8
     KIRK D. MILLER, P.S.
9
     By: _____          _____
10        Counsel for Plaintiffs              Date

11   RAM, OLSON, CEREGHINO & KOPCZYNSKI

12   By: _____          _____
          Counsel for Plaintiffs              Date
13

14   BOUNCEBACK, INC.

15   By: _____          _____
     Its: _____          Date
16        Defendant

17   STONE FENCE HOLDINGS, INC.

18   By: _____          _____
     Its: _____          Date
19        Defendant

20

     CLASS ACTION SETTLEMENT
     AGREEMENT AND RELEASE - 31
     CASE NO. 2:14-CV-00235-RMP

1  TERRELL MARSHALL LAW GROUP PLLC

2  By: _____          _____
        Counsel for Plaintiffs                Date
3
   GUPTA WESSLER PLLC
4
   By: _____          _____
5       Counsel for Plaintiffs                Date

6  LAW OFFICE OF PAUL ARONS

7  By: _____          March 7, 2016
        Counsel for Plaintiffs                Date
8
   KIRK D. MILLER, P.S.
9
   By: _____          _____
10      Counsel for Plaintiffs                Date

11 RAM, OLSON, CEREGHINO & KOPCZYNSKI

12 By: _____          _____
        Counsel for Plaintiffs                Date
13

14 BOUNCEBACK, INC.

15 By: _____          _____
   Its: _____          Date
16      Defendant

17 STONE FENCE HOLDINGS, INC.

18 By: _____          _____
   Its: _____          Date
19      Defendant

20

   CLASS ACTION SETTLEMENT
   AGREEMENT AND RELEASE - 31
   CASE NO. 2:14-CV-00235-RMP

1  TERRELL MARSHALL LAW GROUP PLLC

2  By: _____          _____
         Counsel for Plaintiffs              Date
3
   GUPTA WESSLER PLLC
4
   By: _____          _____
5        Counsel for Plaintiffs              Date

6  LAW OFFICE OF PAUL ARONS

7  By: _____          _____
         Counsel for Plaintiffs              Date
8
   KIRK D. MILLER, P.S.
9
   By: _____          _3_/_11_/_16_
10       Counsel for Plaintiffs              Date

11 RAM, OLSON, CEREGHINO & KOPCZYNSKI

12 By: _____          _____
         Counsel for Plaintiffs              Date
13

14 BOUNCEBACK, INC.

15 By: _____          _____
   Its: _____             Date
16       Defendant

17 STONE FENCE HOLDINGS, INC.

18 By: _____          _____
   Its: _____             Date
19       Defendant

20

   CLASS ACTION SETTLEMENT
   AGREEMENT AND RELEASE - 31
   CASE NO. 2:14-CV-00235-RMP

1  TERRELL MARSHALL LAW GROUP PLLC

2  By: _____          _____
        Counsel for Plaintiffs                    Date
3
    GUPTA WESSLER PLLC
4
    By: _____          _____
5        Counsel for Plaintiffs                    Date

6  LAW OFFICE OF PAUL ARONS

7  By: _____          _____
        Counsel for Plaintiffs                    Date
8
    KIRK D. MILLER, P.S.
9
    By: _____          _____
10       Counsel for Plaintiffs                    Date

11  RAM, OLSON, CEREGHINO & KOPCZYNSKI

12  By: _____          _____
        Counsel for Plaintiffs                    Date
13

14  BOUNCEBACK, INC.

15  By: _____          MARCH 7, 2016
     Its: PRESIDENT                            Date
16      Defendant

17  STONE FENCE HOLDINGS, INC.

18  By: _____          MARCH 7, 2016
     Its: PRESIDENT                            Date
19      Defendant

20

    CLASS ACTION SETTLEMENT
    AGREEMENT AND RELEASE - 31
    CASE NO. 2:14-CV-00235-RMP

1  CHECK CONNECTION, INC.

2  By: _____          MARCH   7, 2016
   Its: PRESIDENT                          Date
3      Defendant

4  GALE KRIEG

5  By: _____          MARCH   7, 2016
       Defendant                          Date
6

   PAINE HAMBLEN LLP
7
   By: _____          3 - 7 - 16
8  Counsel for Defendants                 Date

9  TYSON & MENDES

10 By: _____          March 7, 2016
      Counsel for Defendants              Date
11

12 I:\SPODOCS\00391\00002\PLEAD\1534007

13

14

15

16

17

18

19

20

   **CLASS ACTION SETTLEMENT**
   **AGREEMENT AND RELEASE - 32**
   CASE NO. 2:14-CV-00235-RMP

- Exhibit A -

Beth E. Terrell, WSBA #26759
Erika L. Nusser, WSBA #40854
Blythe H. Chandler, WSBA #43387
Attorneys for Plaintiffs
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email: bterrell@terrellmarshall.com
Email: enusser@terrellmashall.com
Email: bchandler@terrellmarshall.com

[Additional Counsel Appear on Signature Page]

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WODENA CAVNAR, ROSALINE TERRILL, LINDA PARKS, DAVID SCOTT, ANGELINA FREITAS, REBECCA LYON and MARESA KENDRICK, on their own behalf and on the behalf of all others similarly situated, | NO. 2:14-cv-00235-RMP **[PROPOSED] ORDER OF FINAL SETTLEMENT APPROVAL** |
| Plaintiffs, | |
| v. | |
| BOUNCEBACK, INC., a Missouri Corporation, CHECK CONNECTION, INC., a Kansas corporation, STONE FENCE HOLDINGS, INC., a Missouri corporation, and GALE KRIEG, | |
| Defendants. | |

[PROPOSED] ORDER OF FINAL
SETTLEMENT APPROVAL - 1
CASE NO. 2:14-CV-00235-RMP

1    WHEREAS, on _____, 2016, this Court entered its Order

2  Granting Preliminary Approval of Class Action Settlement (ECF No. ____) (the

3  "Preliminary Approval Order"); and

4    WHEREAS, individual notice complying with Fed. R. Civ. P. 23 was sent

5  to the last-known address of each reasonably identifiable member of the

6  Settlement Class, and where follow-up procedures outlined in the Settlement

7  Agreement and approved by the Preliminary Approval Order have been

8  completed; and

9    WHEREAS, a fairness hearing on final approval of the settlement was held

10  before the Court on _____, 2016; and

11    WHEREAS, the Court being advised, finds that good cause exists for the

12  entry of the below Order; now, therefore

13    IT IS HEREBY FOUND, ORDERED, ADJUDGED AND DECREED

14  THAT:

15    1.    Unless otherwise provided herein, all capitalized terms in this Order

16  shall have the same meaning as set forth in the Settlement Agreement attached as

17  Exhibit 1 to the Declaration of Beth E. Terrell in Support of Preliminary

18  Approval (ECF No. ____) and/or Plaintiffs' Motion for Preliminary Approval

19  (ECF No. ____).

20

[PROPOSED] ORDER OF FINAL
SETTLEMENT APPROVAL - 2
CASE NO. 2:14-CV-00235-RMP

1     2.     The Court finds that notice to the Settlement Class has been

2  completed in conformity with the Preliminary Approval Order.  The Court finds

3  that this notice was the best notice practicable under the circumstances, that it

4  provided due and adequate notice of the proceedings and of the matters set forth

5  therein, and that it fully satisfied all applicable requirements of law and due

6  process.

7     3.     The Court finds that notice of the Settlement Agreement has been

8  provided to the United States Attorney General, the Washington State Attorney

9  General, and the California Attorney General in accordance with 28 U.S.C.

10  § 1715.

11     4.     The Court finds it has personal and subject matter jurisdiction over

12  all claims asserted in this Litigation with respect to all members of the Settlement

13  Class.

14     1.     Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure,

15  the Court certifies for settlement purposes only the following Settlement Class:

16  All persons who: (a) were sent one or more Letters bearing the name, seal, or

17  letterhead of any prosecuting attorney in Washington, from July 18, 2013 to

18  November 30, 2015; or (b) were sent one or more Letters bearing the name, seal,

19  or letterhead of any prosecuting attorney in Washington, from July 18, 2010 to

20  November 30, 2015 and who paid any of Defendants' Fees; or (c) were sent one

[PROPOSED] ORDER OF FINAL
SETTLEMENT APPROVAL - 3
CASE NO. 2:14-CV-00235-RMP

1  or more Letters bearing the name, seal, or letterhead of any district attorney in

2  Lake, Mendocino, Plumas, San Benito, Sutter, or Yuba County, California from

3  August 3, 2014 to November 30, 2015; or (d) were sent one or more Letters

4  bearing the name, seal, or letterhead of any district attorney in Lake, Mendocino,

5  Plumas, San Benito, Sutter, or Yuba County, California from August 3, 2011 to

6  November 30, 2015 and who paid any of Defendants' Fees; and appear on the

7  Settlement Class List.

8      "Settlement Class Members" include members of the Settlement Class that

9  do not opt-out from the action.  The Settlement Class also does not include any

10  persons who validly request exclusion from the Class.

11      5.      In connection with this conditional certification, the Court makes the

12  following findings:

13      (a)      The Settlement Class is so numerous that joinder of all

14  members is impracticable;

15      (b)      There are questions of law or fact common to the Settlement

16  Class for purposes of determining whether this settlement should be approved;

17      (c)      Plaintiffs' claims are typical of the claims being resolved

18  through the proposed settlement;

19

20

[PROPOSED] ORDER OF FINAL
SETTLEMENT APPROVAL - 4
CASE NO. 2:14-CV-00235-RMP

1    (d)    Plaintiffs are capable of fairly and adequately protecting the

2 interests of the Settlement Class members in connection with the proposed

3 settlement;

4    (e)    For purposes of determining whether the settlement is fair,

5 reasonable and adequate, common questions of law and fact predominate over

6 questions affecting only individual Settlement Class members.  Accordingly, the

7 Settlement Class is sufficiently cohesive to warrant settlement by representation;

8 and

9    (f)    For purposes of settlement, certification of the Settlement

10 Class is superior to other available methods for the fair and efficient settlement of

11 the claims of the Settlement Class members.

12    6.    The Court has appointed Wodena Cavnar, Rosaline Terrill, Linda

13 Parks, David Scott, Angelina Freitas, Rebecca Lyon and Maresa Kendrick as

14 representatives of the Settlement Class.

15    7.    The Court has appointed Terrell Marshall Law Group PLLC, Gupta

16 Wessler PLLC, Law Office Paul Arons, Kirk D. Miller, P.S., and Ram, Olson,

17 Cereghino & Kopczynski as counsel for the Settlement Class.

18    8.    To the extent any timely-filed objections to the Settlement have been

19 lodged, the Court has considered those objections and found they do not counsel

20 against approval of the Settlement, and the objections are hereby overruled.

[PROPOSED] ORDER OF FINAL
SETTLEMENT APPROVAL - 5
CASE NO. 2:14-CV-00235-RMP

1        9.      The terms set forth in the Settlement are approved as being fair,

2  adequate, and reasonable in light of the degree of recovery obtained in relation to

3  the risks faced by the Settlement Class in litigating the claims.  The Settlement

4  Class is properly certified as part of this settlement.  The relief provided to the

5  Settlement Class under the Settlement Agreement is appropriate as to the

6  individual members of the Settlement Class and as a whole.

7        10.    The Court approves the payment of \$_____ in fees and costs

8  to Class Counsel as fair and reasonable based on the lodestar and percentage-of-

9  the-fund methods, which courts use to determine the reasonableness of fees.  The

10  Court also approves as reasonable Class Counsel's total lodestar amount of

11  \$_____.  The Court reaches this conclusion after analyzing (1) the number

12  of hours Class Counsel reasonably expended on the litigation multiplied by

13  counsel's reasonable hourly rates; (2) the substantial financial recovery for

14  Settlement Class members (3) the diligent and efficient effort utilized by Class

15  Counsel in litigating Plaintiffs' claims; (4) Class Counsel's substantial experience

16  in complex litigation and skill utilized to achieve the Settlement; and (5) the

17  hurdles to certifying the Settlement Class and proving liability and damages at

18  trial.  In the event that there are unclaimed settlement funds after all Settlement

19  Award checks have been cashed or voided, the balance shall be paid to Class

20

[PROPOSED] ORDER OF FINAL
SETTLEMENT APPROVAL - 6
CASE NO. 2:14-CV-00235-RMP

1  Counsel, provided that doing so will not result in a total payment to Class

2  Counsel exceeding $_____.

3    11.    The Court approves the incentive and statutory damage payments of

4  $2,000 to Plaintiffs Wodena Cavnar, Rosaline Terrill, Linda Parks, David Scott,

5  Angelina Freitas, Rebecca Lyon and Maresa Kendrick.  This award is reasonable

6  and does not undermine Plaintiffs' adequacy as Class Representatives.  Rather,

7  this award reasonably compensates Plaintiffs Wodena Cavnar, Rosaline Terrill,

8  Linda Parks, David Scott, Angelina Freitas, Rebecca Lyon and Maresa Kendrick

9  for his time and effort in stepping forward to serve as class representative,

10  assisting in the investigation, participating in and keeping abreast of the litigation,

11  and reviewing and approving the proposed settlement terms after consulting with

12  Class Counsel.

13    12.    The Settlement is binding on all Settlement Class members.

14    13.    Each member of the Settlement Class shall be entitled to receive a

15  pro rata share of the Net Settlement Proceeds as set forth in the Settlement

16  Agreement.  Any Settlement Class Member who fails to cash or deposit a

17  disbursement check issued to that member after a period of 120 calendar days has

18  elapsed from the date on which the disbursement check was issued will not

19  receive a share of relevant Net Settlement Proceeds but will be bound

20  nevertheless by the terms of the relevant Settlement Agreement.

14.     All Settlement Class Members are bound by the terms of the Settlement Agreement.  As of that Settlement Agreement's Effective Date, all Settlement Class Members shall conclusively be deemed to have irrevocably released, relinquished, and forever discharged all claims against all released entities and individuals as set forth in the Settlement Agreement. The Settlement Agreement provides: "Upon the Effective Date of this Agreement and without any further action by the Court or by any Party to this Agreement, Representative Plaintiff and the members of the Class and all of their spouses, former spouses, administrators, executors, personal representatives, heirs, agents, attorneys, assigns, predecessors and successors, for good and sufficient consideration, the receipt and adequacy of which is acknowledged, shall be deemed to, and shall in fact, have fully remised, released and forever discharged any and all Released Claims, which they, or any of them, had or has or may in the future have or claim to have against the Released Persons."  The Settlement Agreement further provides that Release Claims "shall mean and include a full release by Representative Plaintiff and each Class Member as to all Release Persons (as defined further in ¶ 1) of any and all claims against all Defendants that exist as of November 30, 2015, and that arise out of or relate in any way to Letters, including, but not be limited to, claims based on a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, violation of Washington's

1   Consumer Protection Act, RCW 19.86, *et seq*., or violation of the California

2   Unfair Competition Law, Cal. Bus. & Prof. C., §§ 17200, *et seq*.

3       15.   As of the Effective Date, all Settlement Class Members agree "not to

4   institute, be represented in, participate in, submit, file, or permit to be filed on

5   their behalf, any lawsuit, arbitration, charge, claim, complaint, or other

6   proceeding in which a Released Claim is asserted.  In the event that

7   Representative Plaintiff or any Class Member institutes or is a party to any such

8   action, the claim shall be immediately dismissed with prejudice upon presentation

9   of [the] Settlement Agreement."

10       16.   Neither this Order nor any aspect of the Settlement Agreement is to

11   be construed or deemed an admission of liability, culpability, negligence, or

12   wrongdoing on the part of Defendants, who specifically deny liability.  Each of

13   the Parties to the settlement entered into the Settlement Agreement with the

14   intention to avoid further disputes and litigation with the attendant inconvenience

15   and expenses.

16       17.   Pursuant to the Settlement Agreement, Plaintiff shall file a

17   Stipulation of Dismissal with Prejudice as to Defendants within thirty (30) days

18   after the Effective Date of the Settlement Agreement.  The Court will then

19   dismiss this action with prejudice as to all Settlement Class members except those

20   who have timely and properly excluded themselves from the Settlement Class.

[PROPOSED] ORDER OF FINAL
SETTLEMENT APPROVAL - 9
CASE NO. 2:14-CV-00235-RMP

1  Individuals who have timely and properly excluded themselves from the Class

2  and are thus not bound by this Judgment are listed on <u>Exhibit A</u>, which is

3  attached to this order.

4        18.    The entry of this order and any subsequent dismissal is without

5  prejudice to the rights of the Parties to enforce the terms of the Settlement

6  Agreement and the rights of Class Counsel to seek the payment of fees and costs

7  as provided for in the Settlement Agreement.  Without affecting the finality of

8  this Order, or the judgment to be entered pursuant hereto, in any way, the Court

9  retains jurisdiction over the claims against Defendants for purposes of resolving

10  any disputes that may arise under the Settlement Agreement.

11        DONE IN OPEN COURT this _____ day of _____, 2016.

12

13

14                                    _____
                                      UNITED STATES DISTRICT JUDGE

15  Presented by:

16  TERRELL MARSHALL LAW GROUP PLLC

17  By: /s/ Beth E. Terrell, WSBA #26759
         Beth E. Terrell, WSBA #26759
18       Erika L. Nusser, WSBA #40854
         Blythe H. Chandler, WSBA #43387
19       Attorneys for Plaintiffs936 North 34th Street, Suite 300
         Seattle, Washington 98103-8869
20

[PROPOSED] ORDER OF FINAL
SETTLEMENT APPROVAL - 10
CASE NO. 2:14-CV-00235-RMP

1     Telephone: (206) 816-6603
       Facsimile: (206) 319-5450
2     Email: bterrell@terrellmarshall.com
       Email: enusser@terrellmarshall.com
3     Email: bchandler@terrellmarshal.com

4     Deepak Gupta, *Admitted Pro Hac Vice*
       Attorneys for Plaintiff
5     GUPTA WESSLER PLLC
       1735 20th Street, NW
6     Washington, DC 20009
       Telephone: (202) 888-1741
7     Facsimile: (202) 888-7792
       Email: deepak@guptawessler.com

8

9

10

11

12

13

14

15

16

17

18

19

20

[PROPOSED] ORDER OF FINAL
SETTLEMENT APPROVAL - 11
CASE NO. 2:14-CV-00235-RMP

1     Paul Arons, WSBA #47599
       Attorneys for Plaintiffs
2     LAW OFFICE OF PAUL ARONS
       685 Spring Street, Suite 104
3     Friday Harbor, Washington  98250
       Telephone:  (360) 378-6496
4     Facsimile:  (360) 387-6498
       Email:  lopa@rockisland.com
5

       Kirk D. Miller, WSBA #40025
6     Attorneys for Plaintiffs
       KIRK D. MILLER, P.S.
7     421 W. Riverside Avenue, Suite 704
       Spokane, Washington  99201
8     Telephone:  (509) 413-1494
       Facsimile:  (509) 413-1724
9     Email:  kmiller@millerlawspokane.com

10    Michael F. Ram
       Karl Olson
11    Susan S. Brown
       RAM, OLSON, CEREGHINO
12      & KOPCZYNSKI
       101 Montgomery Street, Suite 1800
13    San Francisco, California  94104
       Telephone:  (415) 433-4949
14    Facsimile:  (415) 433-7311
       Email:  mram@rocklawcal.com
15    Email:  kolson@rocklawcal.com
       Email:  sbrown@rocklawcal.com
16

    *Attorneys for Plaintiffs*
17

18

19

20

[PROPOSED] ORDER OF FINAL
SETTLEMENT APPROVAL - 12
CASE NO. 2:14-CV-00235-RMP

1

<u>CERTIFICATE OF SERVICE</u>

2

I, Beth E. Terrell, hereby certify that on March 10, 2016, I electronically

3

filed the foregoing with the Clerk of the Court using the CM/ECF system which

4

will send notification of such filing to the following:

5

6
        Scott C. Cifrese, WSBA #25778
        David L. Broom, WSBA #2096

7
        Attorneys for Defendants
        PAINE HAMBLEN LLP

8
        717 W. Sprague Ave., Suite 1200
        Spokane, Washington 99201
        Telephone: (509) 455-6000

9
        Facsimile: (509) 838-0007
        Email: scott.cifrese@painehamblen.com

10
        Email: dave.broom@painehamblen.com

11

DATED this 10th day of March, 2016.

12

        TERRELL MARSHALL LAW GROUP PLLC

13
        By: <u>/s/ Beth E. Terrell, WSBA #26759</u>

14
        Beth E. Terrell, WSBA #26759
        Attorneys for Plaintiffs

15
        936 North 34th Street, Suite 300
        Seattle, Washington 98103-8869
        Telephone: (206) 816-6603

16
        Facsimile: (206) 319-5450
        Email: bterrell@terrellmarshall.com

17

18

19

20

[PROPOSED] ORDER OF FINAL
SETTLEMENT APPROVAL - 13
CASE NO. 2:14-CV-00235-RMP

- Exhibit B -

A COURT AUTHORIZED
THIS LEGAL NOTICE

**If you received at least one letter on county prosecutor or district attorney letterhead requiring you to pay for a "Check Enforcement Program," you may be entitled to benefits under a class action settlement.**

A settlement has been reached in two class action lawsuits, *Cavnar, et al. v. Bounceback, Inc., et al.*, No. 2:14-cv-00235-RMP (U.S. District Court E.D. Wash.) and *Freitas, et al. v. Bounceback, Inc., et al.*, No. 3:15-cv-03560-RS (U.S. District Court N.D. Cal.), where Plaintiffs allege that Defendants issued collection demands on county prosecutor or district attorney letterhead in Washington and California. In agreeing to settle, Defendants do not admit any wrongdoing.

Bounceback Settlement Administrator
P.O. Box XXXXX
XXXXXXXXXX, XX  XXXXX-XXXX

«Barcode»

Postal Service: Please do not mark barcode

Claim#: XXX-«ClaimID»-«MailRec»
«First1» «Last1»
«CO»
«Addr2»
«Addr1»
«City», «St»  «Zip»
«Country»

**WHO IS A CLASS MEMBER?**

You may be in the Settlement Class if you received a collection letter on county prosecutor or district attorney letterhead stating that to avoid prosecution for writing a dishonored check, you had to pay for a "Check Enforcement Program."

## SETTLEMENT TERMS

Defendants will pay $530,000.00 into a fund that will cover: (1) at least $244,813 for cash payments to eligible Settlement Class Members; (2) attorneys' fees to Class Counsel and Class Counsel's out-of-pocket expenses as approved by the Court; (3) court-approved service awards of up to $2,000 each for each of the seven class representatives; and (4) the costs of administering the settlement. The $244,813 will be divided among Settlement Class Members who receive this Notice. You will receive approximately 14% of any fees you paid to the Defendants. If you did not pay fees, then you will receive an award of $5.00.

## YOUR RIGHTS AND OPTIONS

**Settlement Awards**. You do not need to do anything to receive a cash award. If you received this postcard Notice by mail you will receive a cash award, unless you exclude yourself from the settlement.

**Do Nothing.** If you do nothing, you will receive payment at the address where you received this postcard Notice and you will lose the right to sue Defendants regarding any issues relating to this action. You will be considered part of the Settlement Class, and you will be bound by the Court's decisions.

**Opt Out**. You may exclude yourself from the lawsuit and keep your right to sue Defendants on your own by sending a written request for exclusion to the Claims Administrator by *****, 2016. If you exclude yourself you will not receive a payment. If you do not exclude yourself, you will be bound by the settlement and give up your right to sue regarding the settled claims. Please see the Settlement Website for more details or call 1-855-349-7023.

**Object**. If you do not exclude yourself, you have the right to comment or object to the proposed settlement. Written objections must be signed, postmarked by *****, 2016, and provide the reasons for the objection. Please see the Settlement Website for more details or call 1-855-349-7023.

**Attend the Final Approval Hearing**. The Court has set a hearing to decide whether the settlement should be approved on July 20, 2016 at 1:30 p.m. at the United States District Court for the Eastern District of Washington, located at 920 West Riverside Ave, Room 840, Spokane, WA 99201. All persons who timely object to the settlement by *****, 2016 may ask to appear at the Final Approval Hearing. The Court will also consider Class Counsel's fee request, which will be posted on the Settlement website on *****, 2016. Class Counsel is seeking an initial payment of up to $243,186, plus any unclaimed settlement funds.

This Notice is only a summary. Details about the settlement can be found on the website:
www.XXXXXX.com.
Please do not contact the Court.

- Exhibit C -

1  Beth E. Terrell, WSBA #26759
   Erika L. Nusser, WSBA #40854
2  Blythe H. Chandler, WSBA #43387
   Attorneys for Plaintiffs
3  TERRELL MARSHALL LAW GROUP PLLC
   936 North 34th Street, Suite 300
4  Seattle, Washington 98103-8869
   Telephone: (206) 816-6603
5  Facsimile: (206) 319-5450
   Email: bterrell@terrellmarshall.com
6  Email: enusser@terrellmarshall.com
   Email: bchandler@terrellmarshall.com
7
   [Additional Counsel Appear on Signature Page]
8
                IN THE UNITED STATES DISTRICT COURT
9               EASTERN DISTRICT OF WASHINGTON

10  WODENA CAVNAR, ROSALINE
    TERRILL, LINDA PARKS, DAVID
11  SCOTT, ANGELINA FREITAS,              NO. 2:14-cv-00235-RMP
    REBECCA LYON and MARESA
12  KENDRICK, on their own behalf and     **[PROPOSED] ORDER
    on the behalf of all others similarly  GRANTING PLAINTIFFS'
13  situated,                             UNOPPOSED MOTION FOR
                                          PRELIMINARY APPROVAL OF
14                   Plaintiffs,          CLASS ACTION SETTLEMENT**

15          v.

16  BOUNCEBACK, INC., a Missouri
    Corporation, CHECK CONNECTION,
17  INC., a Kansas corporation, STONE
    FENCE HOLDINGS, INC., a Missouri
18  corporation, and GALE KRIEG,

19                   Defendants.

20
    [PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED
    MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
    SETTLEMENT - 1
    CASE NO. 2:14-CV-00235-RMP

1    **WHEREAS**, the Parties have entered into a Settlement Agreement and

2    Release of Claims ("Agreement"), [1] which sets forth the terms and conditions of

3    the settlement and release of certain claims against Defendants BounceBack, Inc.

4    ("BounceBack"), Check Connection, Inc. ("Check Connection"), Stone Fence

5    Holdings, Inc. ("Stone Fence"), and Gale Krieg ("Krieg" or collectively

6    "Defendants"); the Court having reviewed and considered the Agreement and all

7    of the filings, records, and other submissions; the Court finds upon a preliminary

8    examination that the Agreement appears fair, reasonable, and adequate, and that a

9    hearing should and will be held after notice to the Settlement Class in order to

10   confirm that the settlement is fair, reasonable, and adequate, and to determine

11   whether the Settlement Order and Final Judgment should be entered in this

12   Action pursuant to the terms and conditions set forth in the Agreement ("Final

13   Approval Hearing").

14       **THEREFORE, THE COURT FINDS AND CONCLUDES AS**

15   **FOLLOWS**:

16       1.      This Court has jurisdiction over the subject matter of this Action and

17   personal jurisdiction over the Parties and the Settlement Class.

18

19

20   [1] Capitalized terms shall have the meaning ascribed to them in the Agreement.
     [PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED
     MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
     SETTLEMENT - 2
     CASE NO. 2:14-CV-00235-RMP

1    2.    The Court finds that (a) the Agreement resulted from extensive

2    arm's-length negotiations, with participation of an experienced mediator, and (b)

3    the Agreement is sufficient to warrant notice thereof to members of the

4    Settlement Class and the Final Approval Hearing described below.

5    3.    Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure,

6    and for the purposes of settlement only, the Settlement Class is preliminarily

7    certified as:

8    All persons who: (a) were sent one or more Letters bearing the
     name, seal, or letterhead of any prosecuting attorney in
9    Washington, from July 18, 2013 to November 30, 2015; or (b)
     were sent one or more Letters bearing the name, seal, or letterhead
10   of any prosecuting attorney in Washington, from July 18, 2010 to
     November 30, 2015 and who paid any of Defendants' Fees; or (c)
11   who were sent one or more Letters bearing the name, seal, or
     letterhead of any district attorney in Lake, Mendocino, Plumas,
12   San Benito, Sutter, or Yuba County, California from August 3,
     2014 to November 30, 2015; or (d) were sent one or more Letters
13   bearing the name, seal, or letterhead of any district attorney in
     Lake, Mendocino, Plumas, San Benito, Sutter, or Yuba County,
14   California from August 3, 2011 to November 30, 2015 and who
     paid any of Defendants' Fees; and appear on the Settlement Class
15   List.

16   4.    "Settlement Class Members" include members of the Settlement

17   Class that do not opt-out from the action.  The Settlement Class also does not

18   include any persons who validly request exclusion from the Class.

19   5.    For purposes of settlement only, the Court hereby appoints Plaintiffs

20   Wodena Cavnar, Rosaline Terrill, Linda Parks, David Scott, Angelina Freitas,

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 3
CASE NO. 2:14-CV-00235-RMP

1  Rebecca Lyon and Maresa Kendrick as "Class Representatives" pursuant to Rule

2  23 of the Federal Rules of Civil Procedure, and finds that, for settlement purposes

3  only, these Class Representatives have and will fairly and adequately protect the

4  interests of the Settlement Class.

5      6.     For purposes of settlement only, the Court appoints the attorneys at

6  Terrell Marshall Law Group PLLC, Gupta Wessler PLLC, Law Office Paul

7  Arons, Kirk D. Miller, P.S., and Ram, Olson, Cereghino & Kopczynski as Class

8  Counsel and finds that for settlement purposes, Class Counsel have and will fairly

9  and adequately protect the interests of the Settlement Class.

10     7.     The Court preliminarily finds that the Agreement is fundamentally

11 fair, adequate, and reasonable, and for the purposes of settlement only, that the

12 Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of

13 Civil Procedure as follows:

14         a.     The number of members in the Settlement Class appears to be

15 so numerous that joinder of all members is impracticable;

16         b.     There appear to be common questions of law and fact;

17         c.     The claims of the Class Representatives appear to be typical of

18 the claims of the Settlement Class;

19

20

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 4
CASE NO. 2:14-CV-00235-RMP

1             d.      The Class Representatives and Class Counsel appear to be

2 able to fairly and adequately represent and protect the interests of the Settlement

3 Class;

4             e.      The questions of law and fact common to the members of the

5 Settlement Class appear to predominate over individual questions of law and fact;

6 and

7             f.      A class action settlement appears to be superior to other

8 methods of adjudication.

9      8.      The Court appoints Kurtzman Carson Consultants as the Class

10 Administrator, who shall fulfill the functions, duties, and responsibilities of the

11 Class Administrator as set forth in the Agreement and this Order.

12      9.      The Court approves the proposed forms of notice and notice plan for

13 giving direct notice to the Settlement Class by U.S. Mail as set forth in the

14 Agreement and its attached exhibits ("Notice Plan").  The Notice Plan, in form,

15 method, and content, fully complies with the requirements of Rule 23 and due

16 process, constitutes the best notice practicable under the circumstances, and is due

17 and sufficient notice to all persons entitled thereto.  The Court finds that the

18 Notice Plan is reasonably calculated to, under all circumstances, reasonably

19 apprise the persons in the Settlement Class of the pendency of this action, the

20 terms of the Agreement, the right to object to the settlement and to exclude

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 5
CASE NO. 2:14-CV-00235-RMP

1    themselves from the Settlement Class, and the process for submitting a claim for

2    monetary relief.

3          10.    Pursuant to the Agreement, the Class Administrator shall provide

4    individual notice via U.S. Mail to the most recent mailing address as reflected in

5    Defendants' reasonably available computerized account records (which the Class

6    Administrator shall update through the national change of address system) no

7    later than _____, which is thirty (30) days following entry of this Order.

8          11.    Members of the Settlement Class may exclude themselves from the

9    Settlement Class by advising the Class Administrator either through an online

10   opt-out form or by mailing a written request no later than _____ ("Opt-

11   Out Deadline"), which is sixty (60) days after the date notice is sent to the

12   Settlement Class.  All written requests must be signed, and if mailed, must be

13   postmarked no later than the Opt-Out Deadline.

14         12.    Any Settlement Class Member who desires to object to the fairness

15   of this settlement must file a written objection with the Court by _____

16   ("Objection Deadline"), which is sixty (60) days from the date notice is mailed to

17   the Settlement Class.  The objection must provide the objector's name, address,

18   telephone number at which the calls were received, and the reason(s) for the

19   objection.

20

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 6
CASE NO. 2:14-CV-00235-RMP

1           13.     Anyone who properly objects, as described herein, may appear at the

2  Final Approval Hearing, including through an attorney hired at the objector's

3  expense.  Such objectors or their attorneys intending to appear at the Final

4  Approval Hearing must file a notice of appearance with this Court no later than

5  ten (10) days prior to the Final Approval Hearing.  Any member of the Settlement

6  Class who fails to comply with the provisions herein shall waive and forfeit any

7  and all rights to appear and/or object separately, and shall be bound by the terms

8  of this settlement and the orders and judgments of this Court.  Class Counsel shall

9  file responses to any valid objections no later than fourteen (14) days prior to the

10  Final Approval Hearing.  Defendants' counsel also may file responses, but no

11  later than fourteen (14) days prior to the Final Approval Hearing.

12          14.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure a

13  hearing will be held before this Court to finally determine whether the

14  prerequisites for class certification and treatment under Rule 23(a) and (b) of the

15  Federal Rules of Civil Procedure are met; to determine whether the settlement is

16  fair, reasonable, and adequate, and should be approved by this Court; to

17  determine whether the Settlement Order and Final Judgment under this settlement

18  should be entered; to consider the application for attorneys' fees and expenses of

19  Class Counsel; to consider the application for service awards to the class

20  representatives; to consider the distribution of the Settlement Fund pursuant to the

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 7
CASE NO. 2:14-CV-00235-RMP

1    Agreement; and to rule on any other matters that the Court may deem appropriate.

2    At the Final Approval Hearing, the Court may enter the Settlement Order and

3    Final Judgment in accordance with the Agreement that will adjudicate the rights

4    of the Settlement Class Members.

5         15.    The Final Approval Hearing is scheduled for _____.

6         16.    All memoranda and other submissions in support of the Settlement

7    Order and Final Judgment and this settlement shall be filed no later than fourteen

8    (14) days prior to the Final Approval Hearing, including proof of compliance with

9    the notice provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28

10   U.S.C. § 1715.

11        17.    All notice and Settlement Administration expenses shall be paid

12   from the Settlement Fund pursuant to the Agreement.

13        18.    On or before thirty (30) days after the Notice Date, Class Counsel

14   shall file and serve an application for an award of attorneys' fees and

15   out-of-pocket costs, and an application for service awards to Plaintiffs. The

16   application shall be posted on the settlement website within twenty-four hours

17   after the day it is filed.

18        19.    On or before fourteen (14) days prior to the Final Approval Hearing,

19   Class Counsel shall file and serve a motion for final approval and responses to

20   any objections.

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 8
CASE NO. 2:14-CV-00235-RMP

1    20.    All members of the Settlement Class will be bound by all orders

2  pertaining to the settlement unless such persons request exclusion from the

3  Settlement Class. Members of the Settlement Class who do not timely and validly

4  request exclusion shall be so bound, even if they have previously or subsequently

5  initiated individual litigation or other proceedings against the Released Parties

6  relating to the Release Claims.

7    21.    Settlement Class Members do not need to appear at the Final

8  Approval Hearing or take any other action to indicate their approval and partake

9  in this settlement.

10    22.    This Order and the settlement are not admissions or concessions by

11  Defendants of any liability or wrongdoing. This Order is not a determination of

12  liability or wrongdoing. This Order also does not constitute any opinion or

13  position of this Court as to the merits of the claims and defenses related to this

14  Action.

15    23.    This Action is stayed until further ordered by this Court, except such

16  actions and proceedings that may be necessary to implement this settlement and

17  Order.

18    24.    Pending final determination of whether the settlement should be

19  approved, Plaintiffs, all Settlement Class Members and any person or entity

20  allegedly acting on behalf of Settlement Class Members, either directly,

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 9
CASE NO. 2:14-CV-00235-RMP

1   representatively or in any other capacity, are preliminarily enjoined from

2   commencing or prosecuting against the Released Parties any action or proceeding

3   in any court or tribunal asserting any of the Released Claims, provided, however,

4   that this injunction shall not apply to individual claims of any Settlement Class

5   Members who timely exclude themselves in a manner that complies with this

6   Order. This injunction is necessary to protect and effectuate the settlement, this

7   Order, and the Court's flexibility and authority to effectuate this settlement and to

8   enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction

9   and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

10      25.    If Final Approval does not occur, the parties shall be returned to the

11   status quo ex ante, for all litigation purposes, as if no settlement had been

12   negotiated or entered into and thus this Order and all other findings or stipulations

13   regarding the settlement, including but not limited to, certification of the

14   Settlement Class, and the Plaintiffs' Second Amended Complaint in this action,

15   shall be automatically void, vacated, and treated as if never filed.

16      26.    Counsel for the parties are hereby authorized to utilize all reasonable

17   procedures in connection with the administration of the settlement which are not

18   materially inconsistent with either this Order or the terms of the Settlement

19   Agreement.

20

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 10
CASE NO. 2:14-CV-00235-RMP

1       27.    This Court retains jurisdiction to consider all further matters arising

2 out of or connected with the settlement. The Court reserves the right to adjourn or

3 continue the date of the Final Approval Hearing without further notice to

4 Settlement Class Members, and retains jurisdiction to consider all further

5 applications arising out of or connected with the settlement.  The Court may

6 approve or modify the settlement without further notice to Settlement Class

7 Members.

8       28.    The following timeline will govern proceedings through the Final

9 Approval Hearing:

| DEADLINE | EVENT |
|---|---|
| Ten days after entry of this Order | Deadline for Defendants to serve CAFA Notice |
| Thirty days after entry of this Order | Deadline to mail notice |
| Thirty days after entry of this Order | Deadline to make the settlement website available |
| Sixty days after entry of this Order | Deadline for Class Counsel to file their motion for attorneys' fees, costs, and incentive awards to the class representatives |
| Ninety days after entry of this Order | Deadline for Settlement Class Members to submit exclusion requests or objections |

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 11
CASE NO. 2:14-CV-00235-RMP

| DEADLINE | EVENT |
|---|---|
| Fourteen days before Final Approval Hearing | Deadline to file responses to objections and motion for final approval |
| At the court's convenience but no earlier than 120 days after entry of this order | Final Approval Hearing |

IT IS HEREBY ORDERED.

DATED this ____ day of _____, 20____.

_____
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 12
CASE NO. 2:14-CV-00235-RMP

- Exhibit D -

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON
*Cavnar, et al. v. Bounceback, Inc., et al.*
Case No. 2:14-cv-00235-RMP
and
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
*Freitas, et al. v. Bounceback, Inc., et al.*
Case No. 3:15-cv-03560-RS

# If you received at least one letter on county prosecutor or district attorney letterhead stating that to avoid prosecution for writing a dishonored check, you had to pay for a "Check Enforcement Program," you may be entitled to benefits under a class action settlement.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- Wodena Cavnar, Rosaline Terrill, Linda Parks, David Scott, Angelina Freitas, Rebecca Lyon, and Maresa Kendrick ("Plaintiffs"), have sued Bounceback, Inc., Stone Fence Holdings, Inc., Check Connection, Inc., and Gale Krieg ("Defendants"), alleging that to collect dishonored checks they mailed collection demands on county prosecutor or district attorney letterhead. In the letters Defendants demanded the check amount, plus fees for a "Check Enforcement Program" that check writers were told they had to pay to avoid criminal prosecution.

- The Court presiding over the *Cavnar* case has issued a preliminary order approving the settlement in both the *Cavnar* (WA) and *Freitas* (CA) cases and will decide whether the proposed settlement should be approved.

- Defendants have agreed to pay $530,000 into a fund from which eligible class members will receive cash awards, estimated to be at least fourteen percent (14%) of the program fees class members paid to Defendants. Class members who did not pay any fees will receive an award of $5.

- Court-appointed lawyers for the class ("Class Counsel") will ask the Court for up to $243,186, of the settlement as their reasonable attorney's fees and to reimburse them for the out-of-pocket expenses they paid to investigate the facts, litigate the case, and negotiate the settlement. Class counsel will also ask for a supplemental award of attorneys' fees and costs, to be paid from any funds that remain undistributed after class members have been paid.

- The class administrator who mailed the postcard notice, set up the settlement website, and will mail settlement checks will be paid up to $28,000 of the settlement funds for its work.

- As part of the proposed settlement, Defendants do not admit to any wrongdoing and continue to deny the allegations against them.

- The two sides disagree on whether Plaintiffs and the class could have won at trial.

- Your legal rights are affected whether you act, or don't act.  Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **DO NOTHING** | This is how you receive payment.  If you received a postcard Notice about this lawsuit in the mail and you do nothing, you will be considered part of the Settlement Class and payment will be sent to the address where you received the postcard Notice.  If you do nothing, you will be giving up any right to proceed against the Defendants individually. |
| **ASK TO BE EXCLUDED** | Get out of this lawsuit.  Get no benefits from it.  Keep rights. <br><br> If you ask to be excluded and moneys are awarded, you won't share in those.  But, you keep any rights to sue Defendants separately about the same legal claims in this lawsuit. |

## BASIC INFORMATION

### 1. What is this Notice and why should I read it?

The purpose of this Notice is to let you know that a proposed settlement has been reached in the class action lawsuits entitled *Cavnar, et al. v. Bounceback, Inc., et al.*, No. 2:14-cv-00235-RMP and *Freitas, et al. v Bounceback, Inc. et al*, No. 3:15-cv-03560-RS.  Judge Rosanna Malouf Peterson of the United States District Court for the Eastern District of Washington preliminarily approved the proposed settlement in both lawsuits.  You have legal rights and options that you may act on before the Court decides whether to grant final approval of the proposed settlement.  Because your rights will be affected by this settlement, it is extremely important that you read this Notice carefully.

### 2. Why did I receive this Notice?

Defendants' records show that you may have received one or more collection demands on county prosecutor or district attorney letterhead stating that to avoid prosecution for writing a dishonored check, you had to pay for a "Check Enforcement Program."  This notice explains that the Court has preliminarily approved the settlement of the claims in this lawsuit.  You have legal rights and options that you may exercise before the fairness hearing (also known as a "final approval hearing").  The fairness hearing is to decide whether the settlement agreement is fair, reasonable, adequate, and in the best interest of the class.

### 3. What is this lawsuit about?

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims.  All of these people are a class, or class members. One court resolves the issues for all class members, except those who exclude themselves from the class.

Generally the claims in this case are that Defendants violated the law by collecting debts in the name of the county prosecutor, demanding fees for a Check Enforcement Program that were not permitted by law, and by falsely threatening to prosecute check writers who did not pay those fees.

More specifically, the class representatives claim that, on or after July 18, 2010 in Washington on or after August 3, 2011 in California (Lake, Mendocino, Plumas, San Benito, Sutter, or Yuba counties), Defendants violated state and federal laws by using false, deceptive or misleading communications to collect debts. The class representatives also claim that Defendants violated the law by soliciting

claims for collection while not licensed as a collection agency; collecting or attempting to collect debts owed or due or asserted to be owed or due another person while not licensed as a collection agency; using a fictitious name or any name other than its own which would indicate to the debtor that a third person is collecting or attempting to collect such alleged debts; making false threats and collecting fees not permitted by law; collecting substantial compensation and fees from Plaintiffs and other Class Members while operating as a collection agency without a license; and aiding and abetting one another in said unlawful conduct.  Plaintiffs allege that by this conduct Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), the Washington Consumer Protection Act ("CPA"), and the California Unfair Competition Law ("UCL").

Defendants deny that they did anything wrong.

# THE SETTLEMENT

| **4. Why is there a settlement?** |
|---|

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. This way, they avoid the cost of a trial, and the people affected will receive compensation. The class representatives and their attorneys think the settlement is best for the Settlement Class.

# WHO IS IN THE SETTLEMENT?

| **5. How do I know if I am a part of the settlement?** |
|---|

**You are in the Settlement Class if:**

1) On or after July 18, 2010, you, received a collection demand on Washington county prosecutor letterhead stating that to avoid prosecution for writing a dishonored check, you had to pay for a "Check Enforcement Program," and you paid any fees to Defendants; or

2) On or after July 18, 2013, you and received a collection demand on Washington county prosecutor letterhead stating that to avoid prosecution for writing a dishonored check, you had to pay for a "Check Enforcement Program"; or

3) On or after August 3, 2011, you received a collection demand on Lake, Mendocino, Plumas, San Benito, Sutter, or Yuba County district attorney letterhead stating that to avoid prosecution for writing a dishonored check, you had to pay for a "Check Enforcement Program," and you paid any fees to Defendants; or

4) On or after August 3, 2014, you  received a collection demand on Lake, Mendocino, Plumas, San Benito, Sutter, or Yuba County district attorney letterhead stating that to avoid prosecution for writing a dishonored check, you had to pay for a "Check Enforcement Program."

You are not in the Settlement Class unless Defendants listed you as one of the people to whom it sent the letters described above.  The Settlement Class also does not include any persons who validly request exclusion from the Settlement Class, as described under Question 11. A person meeting the criteria in (1) through (4), above, who does not exclude him or herself is a "Settlement Class Member."

If you have questions about whether you are part of the Settlement Class, you may call 1-855-349-7023 or visit www.XXXXXX.com for more information.

# THE SETTLEMENT BENEFITS

## 6. What does the Settlement provide?

Members of the Settlement Class will receive a Settlement Award reflecting a percentage of the program fees the Settlement Class Member paid to Defendants, provided however that each Settlement Class Member will receive a minimum Settlement Award of $5. Class Counsel estimates that these Settlement Awards will be at least fourteen percent (14%) of the program fees paid by each CPA/UCL Settlement Class Member. Members of the Settlement Class who did not pay any fees will receive a statutory damages award of $5.

## 7. How much will my payment be?

Your share of the settlement will depend on the number of Notices that are successfully mailed to Settlement Class Members. Class Counsel estimates that each Settlement Class Member who paid fees will receive at least fourteen percent (14%) of the fees he or she paid. Each payment will be at least $5. Settlement Class Members who did not pay any fees will receive $5.

## HOW YOU GET A PAYMENT

## 8. How do I make a claim?

If you received a postcard Notice you will automatically receive a payment. You do not need to submit a claim form or contact anyone. If you did not receive a postcard Notice but believe you are in the Settlement Class, you must call the toll-free number listed below.

## 9. When will I get my payment?

Within forty (40) calendar days from the entry of the Court's Final Approval Order, the Class Administrator will mail checks to Settlement Class Members. The checks will be valid for 120 days from the date of issuance.

## 10. What am I giving up to get a payment or stay in the Settlement Class?

Unless you exclude yourself, you will be part of the Settlement Class and a Settlement Class Member. That means you may not sue, continue to sue, or be part of any other lawsuit against the Defendants. It also means that all of the Court's orders will apply to you and legally bind you.

The Settlement Agreement (available at www. XXXXXX.com) describes the claims you are releasing (the "Released Claims") and against whom you are releasing claims (Defendants) in detail, so read it carefully. To summarize, the release includes all claims that arise out of or relate in any way to any letter that Defendants sent to you, referring or relating to a returned check, and bearing the name, seal, or letterhead of any prosecuting attorney in Washington, or of a district attorney in Lake, Mendocino, Plumas, San Benito, Sutter, or Yuba counties in California. Released Claims include, but may not be limited to, claims based on a violation of the Fair Debt Collection Practices Act, Washington Consumer Protection Act, California Unfair Competition Law, and any other statutory or common law claim.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue the Defendants, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself – or is sometimes referred to as "opting out" of the Settlement Class.

## 11. How do I opt out of the settlement?

To exclude yourself from the settlement you may either opt out through the Exclusion Request Form at www.XXXXXX.com or you must send a letter saying that you want to be excluded from the

*Cavnar v. Bounceback* settlement.  You must include your name and address in the letter.  You must mail your exclusion request postmarked no later than _____ to the following address:

Bounceback Settlement Administrator
P.O. Box \_\_\_\_
_____, \_\_ \_\_\_\_\_-\_\_\_\_

You cannot exclude yourself on the phone, by fax, or email.  If you ask to be excluded, you will not get any payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) the Defendants in the future.

| **12. If I don't exclude myself, can I sue the Defendants for the same thing later?** |
| --- |

No.  Unless you exclude yourself, you give up any right to sue the Defendants for the claims that this settlement resolves.  If you already have a lawsuit that may relate to the claims being released as part of this class settlement, you should speak to your lawyer in that case immediately.  You must exclude yourself from this Settlement Class to continue your own lawsuit.  The exclusion deadline is _____.

| **13. If I exclude myself, can I get anything from this settlement?** |
| --- |

No.  You will not receive a payment if you exclude yourself.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| **14. Do I have a lawyer in this case?** |
| --- |

The Court has appointed Terrell Marshall Law Group PLLC; Gupta Wessler PLLC; the Law Office of Paul Arons; Kirk D. Miller, P.S.; and Ram, Olson, Cereghino & Kopczynski to represent you and other Settlement Class Members.  These lawyers are called Class Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **15. How will the lawyers be paid?** |
| --- |

Class Counsel will ask the Court to approve payment of up to $243,186 to them for attorneys' fees and their out-of-pocket expenses.  Class Counsel will also ask that the Court award them any unclaimed settlement funds remaining after all settlement checks have been cashed or have expired.  These payments would pay Class Counsel for investigating the facts, litigating the case, negotiating the settlement and for administration costs.  Class Counsel will also request awards of $2,000 each for the named Plaintiffs to compensate them for their time and effort and for statutory damages under the FDCPA.  Class Counsel's complete request for fees, costs, and incentive awards to the named Plaintiffs will be posted on the Settlement Website www.XXXXXXX.com on ****, 2016.  The Court may award less than these amounts.

## OBJECTING TO THE SETTLEMENT

| **16. How do I object to the settlement?** |
| --- |

If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you can object to the settlement if you don't like any part of it.  Your written objection must provide your name, address, telephone number, and the reason(s) for your objection.  You must file the objection with the Court no later than _____, by mailing it to:

*Cavnar, et al. v. Bounceback, Inc.*
Case No. 2:14-CV-00235-RMP

Clerk of the Court
U.S. District Court for the Eastern District of Washington
P.O. Box 1493
Spokane, WA 99210

### 17. What is the difference between objecting and excluding myself from the settlement?

Objecting simply means telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

### 18. When and where will the Court hold a hearing on the fairness of the settlement?

The Court will hold the final fairness hearing at 1:30 p.m. on July 20, 2016, before the Honorable Rosanna Malouf Peterson at the United States District Court for the Eastern District of Washington, 920 West Riverside Ave., Room 840, Spokane, Washington 99201. The purpose of the hearing is for the Court to determine whether the settlement is fair, reasonable, adequate, and in the best interest of the class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses and the incentive and damage awards to the Class Representatives. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

Note: The date and time of the fairness hearing are subject to change by Court Order. Any changes will be posted at the Settlement website, www. XXXXXX.com.

### 19. Do I have to come the hearing?

No. Class Counsel will answer any questions the Court may have. You are welcome to come to the hearing at your own expense. If you send an objection you don't have to come to the Court to talk about it. As long as your written objection was filed or mailed on time, and meets the other criteria described in the Settlement Agreement, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

### 20. May I speak at the hearing?

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement Agreement. If you filed an objection (see Question 16 above) and intend to appear at the hearing, you must state your intention to do so in your objection. To speak, you must send a letter saying that it is your "Notice of Intention to Appear" in "*Cavnar, et al. v. Bounceback, Inc.*, *et al.,* Case No. 2:14-cv-00235-RMP." Be sure to include your name, address, telephone number, that you are a Class Member, and your signature. Your Notice of Intention to Appear must be received at the address in Question 16, no later than _____. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

### 21. What happens if I do nothing at all?

If you do nothing, you will be a member of the Settlement Class and you will be sent a payment.

## GETTING MORE INFORMATION

### 22. Are there more details about the settlement?

This Notice summarizes the proposed settlement.  More details are in the Settlement Agreement. You may review the Settlement Agreement on the Settlement Website at www.XXXXXX.com. You can also get a copy of the Settlement Agreement by writing to Blythe Chandler, Terrell Marshall Law Group PLLC, 936 N. 34th Street, Suite 300, Seattle, Washington 98103.

### 23. How do I get more information?

You can call 1-855-349-7023 toll free; write to Bounceback Settlement Administrator, P.O. Box _____, _____, __ _____-____; or visit the website at www.XXXXXX.com where you will find answers to common questions about the settlement, the Exclusion Request Form, the Settlement Agreement, Plaintiffs' Second Amended Complaint, Class Counsel's motion for an award of attorneys' fees and costs, and other information.

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR THE DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT.**